ELMORE & ELMORE, Plaintiffs in Error,

*vs.*

EDWARD C. GARVEY, Defendant in Error.

ERROR TO MILWAUKEE COUNTY COURT.

In replevin, not only the declaration must be served within ten days after the return of the writ, but a copy thereof must be served upon the defendant, if to be found.

If, after having taken objection, and if need be, exception to the default of the plaintiff in not filing, or serving a copy of his declaration within the time prescribed by the statute, the defendant comply with the order of the court and plead to the merits, he does not thereby waive his exception.

THIS was an action of replevin commenced by the defendant in error against the plaintiffs in error in the County Court of Milwaukee county, when the plaintiff below obtained judgment. The points made by counsel which were decided by the court, as well as the facts on which they were based, are stated in the opinion.

*Waldo*, for the plaintiffs in error.

*Yates*, for the defendant in error.

*By the Court*, SMITH, J.    This was an action of replevin commenced in the County Court of Milwaukee county, by Garvey, the defendant in error, against Elmores, plaintiffs in error. The writ was issued December 20th, A. D. 1854, and returned, served by the sheriff, the 27th day of the same month, and on the 21st of the same month, the defendants below entered their appearance, by Wyman, their attorney. The declaration was filed on the 4th day of January, 1855, by J. S. Doran, attorney, but no copy was served upon the defendants, or either of them. On the 5th day of February, 1855, the defendants moved the court to dismiss the cause, for the reason that no copy of the declaration had been served upon either of the defendants or their attorney. The motion was overruled by the court, and exceptions were taken by the defendants. The cause afterwards proceeded to issue and trial, and the plaintiff below obtained judgment.

In the case of *Hutchinson vs. McClelland* (2 *Wis. Rep.* 18), we decided that section 13, of chapter 119, of the Revised Statutes, prescribed an inflexible rule of practice. The plaintiff in replevin is required by that section, to declare within ten days after the return of the writ, and to serve a copy upon the defendant, if to be found, &c. This provision is not merely directory. It must be strictly complied with, and its requirements cannot, like a rule of court, be relaxed according to the discretion of the court. It seems that both the defendants were residents of the city of Milwaukee, and no excuse, even if any excuse could be made available, is offered for non-compliance with the provisions of the statute. It is unnecessary to repeat here what was said in *Hutchinson vs. McClelland*. We there held this provision of the statute to be inflexible, and we see no reason to depart from, or modify the conclusion to which we then arrived, in view of the evident intention of the statute.

But it is said that the "irregularity" is waived in this case, by the defendants afterwards pleading and going to trial. Whether this would have been the case or not, had no objection been taken to the neglect of the plaintiff below to file his declaration and serve a copy thereof, within the time limited by the statute, or had no exception been taken to the ruling of the court upon the motion to dismiss for such default, it is not worth our while now to consider. The defendants below *did* make the objection, and *did* duly except to the ruling of the court thereon; and this exception was not waived by the defendants afterwards pleading, having urged their objection to their uttermost. *Norval vs. Rice*, 2 *Wis. Rep.* 22.

A fair and just construction of the statute (§ 13, *chap.* 119, *R. S.*) requires the copy of the declaration to be served within ten days upon the defendant, if to be found, as well as to be filed within that time. The *time* refers to both acts alike, the filing and the serving a copy, if the defendant can be found.

The rule of practice prescribed by the statute, may operate harshly, and perhaps occasionally, unjustly. But the remedy must be sought, if desired, by legislation, and not in judicial construction.

Judgment reversed, with costs, &c.