Smith, C. J.
Appellant asks that the judgment be reversed because the complaint was not subscribed by the plaintiffs, as required by the sections of the municipal court act, under the provisions of which the judgment was entered. These sections provide that in an action in that court upon contract for the recovery of money only, the plaintiff may serve on the defendant with the summons a verified complaint, subscribed by him or his attorney, setting out his cause of action 'and specifying the sum for which he demands judgment.
*737 If the defendant fails to appear and put in a verified answer to the complaint so served, the plaintiff may, without further proof, take judgment for the sum demanded in his complaint. This course of procedure was followed in this case, except that the complaint was not subscribed by either of the plaintiffs or their attorney, though the affidavit verifying the complaint was subscribed by one of the plaintiffs.
The defendant insists that the provision of the statute requiring that the complaint be subscribed by the plaintiff or his attorney, is jurisdictional in its character, and not having been complied with, the judgment must be reversed as wholly unauthorized.
The failure to subscribe the complaint was at most a mere irregularity. It is not an error which touches the jurisdiction of the court, either as to the person of defendant or the cause of action. Jurisdiction of both was obtained by the service of the summons. This is clear when we consider that if on the return day the plaintiffs instead of taking judgment by default, without proof, had by witnesses proved their cause of action, as alleged in the complaint, they could have taken judgment for the sum so proved. The most that can be said is that in consequence of the failure to subscribe the complaint the plaintiffs were bound to prove their cause of action, and not having done so the judgment must be reversed as not sustained by the evidence.
But I am of opinion that the plaintiff’s signature to the affidavit at the end of the complaint verifying the same is a sufficient subscription of the complaint to meet the requirements of the statute. The three sections of the municipal court act under consideration were intended to conform the proceeding in that court to those in courts of record in similar cases and as prescribed by the Code. The Code provides that in actions in the courts of record the pleadings shall be subscribed by the party or his attorney (§ 520). The old Code (§ 156) contained the same provision. In Hubbell v. Livingston (1 Code Rep., 63), the supreme court expressly decided that if the affidavit verifying a pleading is subscribed by the party, it is a sufficient compliance with the provision requiring the pleading to be subscribed by him. And this accords with the reasons upon which the provisions in question are based. The theory is that if the plaintiff will set out his cause of action in his complaint, and specify the sum for which he asks judgment, and will furnish proof of his allegations by his oath verifying them, and the defendant being served with these allegations thus verified, does not appear to deny them, they shall be taken as true, *738 and as admitted by defendant, and the judgment asked for be entered upon his default.
The language of the statute is, that a defendant who fails to answer a complaint so verified, “shallbe deemed to have admitted the allegations of the complaint,” and judgment shall be forthwith entered for the amount demanded in the complaint, with costs, etc., “without further proof.” It thus appears that the important and material features of these provisions are, that the complaint, setting forth the cause of action, and the sum demanded, is to be verified by the plaintiff’s oath, and if the defendant, after service thereof fails to come forward with a sworn answer, the cause of action is deemed proved and judgment is entered accordingly. The subscribing of the complaint forms no important or essential feature of this scheme, but the verification does. It is the proof on which the judgment rests.
By an obvious error the judgment in this case was rendered for too large a sum. The complaint demanded judgment for $27.50, and interest thereon and costs. A literal construction of the statute would authorize the entry of judgment for the sum demanded, but the complaint shows-that the price of the goods sold was $27.50, of which sum ten dollars was paid by defendant before suit brought, leaving due only $17.50 of plaintiff’s demand, with interest from June 3, 1885. The judgment should therefore be modified by reducing the damages to $17.88, and as so modified affirmed without costs of this appeal to either party.
Beckwith and Titus, JJ., concur.