such a failure, notwithstanding the defendant has a printed notice on the ticket that it acts as agent, and is not responsible beyond its own line, in selling tickets over the Lake Michigan Transportation Company's line.

"It is not claimed by the defendant [quoting from counsel's brief] that the mere acceptance by the appellant of tickets on which a notice is printed to the effect that the respondent, in selling the tickets, acts as agent, and is not responsible beyond its own line, relieved the respondent from liability for any act of the connecting line, * * * but it is claimed from all the testimony in the case that it may be fairly inferred that the appellant, when he purchased the tickets, had notice of the fact that the respondent's boats only went as far as the 'Soo,' and that there was an implied assent to the limitation of the respondent's liability as set forth in the notice printed on the ticket."

We do not think that such was the necessary understanding of the contract. The conduct of the plaintiff from first to last rebuts any such assent, and such is not the only inference to be drawn from the evidence. The plaintiff bought a ticket to Chicago over the defendant's line, and such other lines as it had the right, by previous arrangement, to ticket over, and the printed circular, which was a part of the contract, expressly guarantied berths to the end of the journey. The notice printed on the ticket is not a contract which binds the passenger. The ticket is a mere voucher or token that the party holding it has paid his fare. Nevins v. Steamboat Co., 4 Bosw. 225; Quinby v. Vanderbilt, supra. If it was the understanding of the parties that the plaintiff was being ticketed through to Chicago, then the defendant would be liable to the plaintiff for such damage as he can show he sustained. Swift v. Steamship Co., supra. We think, therefore, that the case should have been submitted to the jury upon the question whether the contract which was entered into in Buffalo, at the time of the purchase of the tickets by the plaintiff, was one to carry the plaintiff through to Chicago and furnish him with a berth in a stateroom.

As to the other point raised by the defendant, that no damages were shown, we think, if a contract is shown to have been made to take the appellant through to Chicago and furnish him with a berth, and that there was a failure by the defendant or the corresponding line to carry out its part of the agreement, then the plaintiff was entitled to some damage, and the amount which he should recover was for the jury to determine. The judgment of the municipal court must therefore be reversed, with costs. All concur.

---

(9 Misc. Rep. 407.)

### BARRETT v. JOSYLNN.

(Superior Court of Buffalo, General Term. July 5, 1894.)

PLEADING—SUBSCRIBING COMPLAINT.
  Signing the verification of a complaint in the municipal court of Buffalo is equivalent to subscribing the complaint as required by the revised charter of Buffalo, § 459.

Appeal from special term.

Action by George W. Barrett against Henry B. Josylnn. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Charles T. Gardner, for appellant.
William C. Kilhoffer, for respondent.

PER CURIAM. The only question raised on this appeal is that the complaint is not subscribed by the "plaintiff or his attorney," as required by section 459 of the revised charter, regulating the practice in the municipal court. The complaint was verified by the plaintiff, as required by the Code, and he signed his name to the verification, but did not subscribe the complaint itself. In Harrison v. Wright, 1 N. Y. St. Rep. 736, where the precise question was up, it was held, by the unanimous opinion of the general term of this court, that the signature of the plaintiff to the affidavit was a sufficient subscription of the complaint to meet the requirements of the statute. As no authority is shown us, holding differently, and on facts exactly parallel, we must follow the law as laid down in that case. The judgment of the court below is affirmed, with costs.