WEST MOUNTAIN LIME & STONE COMPANY v. DANLEY et al.

No. 2132. Decided August 31, 1910. Rehearing Denied November 22, 1910 (111 Pac. 647).

1. TRIAL—FINDINGS—CONCLUSIVENESS. A finding that it affirmatively appears from the record that summons was not served and the complaint was not deposited with the clerk is not necessarily equivalent to a finding that such acts were not done. (Page 224.)

2. COURTS—JURISDICTION TO BE SHOWN BY RECORD—FILING OF COMPLAINT AND SUMMONS—SUFFICIENCY. It is sufficient if the complaint, summons, and proof of service were in fact filed with the clerk within the time required, though it affirmatively appeared from the record that such acts were not done. (Page 225.)

3. PROCESS—RETURN—PRESUMPTION OF VERITY—AMENDMENT. Since the presumption that the return or proof of service speaks the truth as to the time and manner of service is not conclusive, it may be amended to conform to the facts, where no rights of third parties have intervened. (Page 225.)

4. TRIAL—FINDINGS—DUTY TO MAKE. On plaintiff's suggestion that the return of service did not correctly show when service of summons was made and its motion to amend the return, the court should have made findings as to the actual time of service of summons according to the facts before it. (Page 226.)

5. DISMISSAL AND NONSUIT—GROUNDS—COMMENCEMENT OF SUIT—STATUTORY REQUIREMENTS. Comp. Laws 1907, sec. 2946, provides that within ten days after service of summons, the complaint, with the summons and proof of service, must be filed with the clerk, and one copy of the complaint deposited for defendant unless a copy was served with the summons, and "otherwise the action shall be dismissed on motion of any defendant." Section 2489 requires the Revised Statutes to be liberally con-

strued with a view to effecting their object and to promote justice, and provides that, in case of variance between the rules of equity and common law, the former shall prevail. *Held*, construing section 2946 in view of the other sections, that the action cannot be dismissed upon the sole ground that a copy of the complaint was not served or deposited, but only where neither the complaint, summons, and proof of service thereof are filed and a copy of the complaint has not been served on defendant, nor deposited with the clerk for him.   (Page 228.)

6. DISMISSAL AND NONSUIT—GROUNDS—COMPLAINT—SERVICE ON DEFENDANT—CURING DEFECTS.   Under Comp. Laws 1907, sec. 3329, providing that, if the time allowed by the Code in which to do an act relates to the pleadings, the time within which such act is required to be done may be extended by the court upon good cause shown, where a copy of the complaint was not served on defendant nor deposited with the clerk within ten days after service of summons, as required by section 2946, because the stenographer of plaintiff's attorney misunderstood the attorney's directions to deposit a copy of the complaint with the clerk, and the attorney upon discovering such mistake at once applied for leave to deposit a copy of the complaint, the court should have permitted him to do so, and not have dismissed the action for noncompliance with the statute.   (Page 230.)

7. DISMISSAL AND NONSUIT—GROUNDS—DEPOSITING COPY OF COMPLAINT—CURING DEFECT.   Since the claimant has only thirty days under the statute in which to sue to protect his interest in a mining claim and an action thereafter is barred under Comp. Laws 1907, sec. 3005, permitting the court to relieve a party from a proceeding taken against him through his excusable neglect, and to permit defendant, on just terms, to answer to the merits of the original action within one year of rendition of judgment, when from any cause, the summons has not been personally served one defendant, where a copy of the complaint was not served or deposited within ten days after service of summons as required by section 2946, which provides for dismissal on motion for noncompliance therewith, because of the misunderstanding of the stenographer of plaintiff's counsel as to the latter's direction to deposit a copy of the complaint with the clerk, the court should have relieved plaintiff against such omission by permitting him to deposit a copy of the complaint after such time.   (Page 231.)

8. DISMISSAL AND NONSUIT—GROUNDS—FILING COMPLAINT—EFFECT OF FAILURE.   Plaintiff's failure to deposit a copy of the complaint with the clerk for defendant is not jurisdictional, but a mere irregularity.   (Page 232.)

9. PLEADING—COMPLAINT — SIGNATURE — NECESSITY.   Comp. Laws 1907, sec. 2983, requiring every complaint to be subscribed by

the party or his attorney, and providing that, when a corporation is a party, the verification may be made by any officer thereof, if the complaint be verified, is sufficiently complied with as to subscription if the complaint be verified by an officer of the corporation, and such verification be signed. (Page 233.)

10. PLEADING — OBJECTION — WAIVER — FAILURE TO SUBSCRIBE COMPLAINT. The failure to subscribe a pleading such as the complaint, as required by Comp. Laws 1907, sec. 2983, is waived if timely objection be not taken thereto. (Page 233.)

11. PLEADING—AMENDMENT—FAILURE TO SUBSCRIBE COMPLAINT. If a pleading is not subscribed as required by Comp. Laws 1907, sec. 2983, the court will, on objection, permit the party to cure the defect by subscribing it. (Page 233.)

APPEAL from District Court, Third District; *Hon. George G. Armstrong,* Judge.

Judgment dismissing the complaint. Plaintiff appeals.

REVERSED AND REMANDED, WITH DIRECTIONS TO SET ASIDE THE JUDGMENT OF DISMISSAL AND REINSTATE THE ACTION.

*Weber & Olson* for appellant.

*M. E. Wilson* for respondent.

FRICK, J.

This is an appeal from a judgment of the district court of Salt Lake County dismissing plaintiff's action. The bill of exceptions, as certified by the judge of the district court, discloses the following facts:

The plaintiff, a corporation, on the 2d day of October, 1909, filed its complaint based upon its adverse claim against the application of the defendants for a patent for certain mining claims. On October 9th, seven days after filing the complaint, plaintiff also filed the summons and return showing service thereof on the defendants. From the face of the return it was made to appear that service was made on some of the defendants on the 5th and on the others on the 8th of September, 1909. On the 25th day of October, 1909, the defendant George W. Danley, both in his individual and

in his representative capacity as administrator, served and filed a motion "to dismiss the above-entitled action on the ground that no copy of the complaint was ever served upon him either in his individual or representative capacity, and that no copy of said complaint was ever filed or deposited with the clerk of the said district court for the defendants or any of them in said action." Following this, on the 26th day of October, plaintiff's counsel served notice on the attorney who filed the motion to dismiss the action that the plaintiff would on the 6th day of November, 1909, apply to the court for leave to serve or deposit copies of the complaint for all of the defendants, with leave for all of them to answer within the same time that they would have had if the copies had been originally deposited. This notice was duly filed on the 27th day of October, 1909. The application for leave to deposit copies of the complaint for the use of the defendants was supported by the affidavit of plaintiff's counsel. From the affidavit it, in substance, appears that counsel prepared the original complaint on October 1, 1909, and thereafter caused the same to be filed with the clerk of the district court; that at the time the original complaint was prepared copies thereof were also prepared to be deposited with said clerk for the use of defendants; that said copies required some corrections before depositing, and hence were not deposited when the original complaint was filed; that counsel instructed the stenographer, who was on duty in counsel's office, to correct said copies, and thereupon to immediately deposit them with said clerk for the use of defendants; that said copies were corrected, but that said stenographer misunderstood counsel's orders and direction to deposit said copies, and failed to deposit them with said clerk, but, instead of doing so, placed the same among counsel's office files; that during all of the time since preparing said original complaint and the copies thereof counsel fully believed that his orders had been complied with, and that said copies were deposited or filed with the clerk of said court on the day the original complaint was filed. The stenographer also made an affidavit wherein the facts above stated are

substantially corroborated. This affidavit was, however, made and filed on the 29th day of November, 1909, and is claimed by defendants' counsel to have been filed without leave of court. Be that as it may, it is in the record and is certified to as part of the bill of exceptions. On the 27th day of October, 1909, the other two defendants also served and filed a motion to dismiss the action "on the ground that it affirmatively appears from the record in said case that neither the complaint nor the summons, nor proof or service thereof, was filed in the office of the clerk of the court in which the action was brought within ten days after the service of summons, and on the further ground that no copy of the complaint was deposited with the clerk of the said district court for the defendants or any of them in said action at the time of filing the complaint." In the foregoing notices no time was fixed by defendants at which they would ask the court to consider or pass thereon. Upon the other hand, it does appear from the application filed by the plaintiff's counsel that it would call up its motion or application for leave to deposit copies of the complaint on the 6th day of November, 1909. Plaintiff's application therefore apparently had the right of way.

On the 6th day of November, 1909, both of the motions of the defendants and the application of plaintiff came on for hearing in open court. The record recites that defendants' counsel called up the motion to dismiss. Plaintiff's counsel then expressed a desire to have all the pending motions disposed of at the same time, to which defendants' counsel seemingly consented. Plaintiff's counsel then said: "I notice an error in the return of summons. An error was made. Instead of October, it is September. I don't know whether you claim anything, but I want to amend the return. It is a clerical error. It was made on the 5th day of October, and returned on the 9th day of October. In making the affidavit of service—making the return—it said September, instead of October." Defendants' counsel simply said, "I want to dispose of this motion first," and at once commenced his argument. After this, counsel for plaintiff

again asked "permission to amend the return which reads September instead of October," to which counsel remarked that he could not consent and would like to dispose of his motion to dismiss first. The court did not seem to give the request of plaintiff's counsel to amend the return of service any consideration at that time, but simply passed on defendants' motions to dismiss the action and sustained the same and dismissed the action. Afterwards the court, however, entertained another motion interposed by plaintiff's counsel in which plaintiff asked the court to review and reconsider its former ruling dismissing the action, and in connection with that, and in support of that motion, counsel also filed an affidavit of the person who served the summons in the action showing that the summons was actually served on one of the defendants on the 5th and on the other two on the 8th of October, 1909, and that in making the original return of service the word "September" was written by mistake, instead of the word "October," and that the summons was in fact served on said defendants in October, and not in September as stated in the return. After hearing argument on this motion, and upon due consideration thereof, the court denied the same, but upon what ground the court based its action is not disclosed. The court afterwards made findings of fact "that it affirmatively appears from the record in said case that neither the complaint nor the summons, nor the proof of service thereof, was filed in the office of the clerk . . . within ten days after the service of summons," and that "no copy of the complaint . . . was served upon any of the defendants at the time of service of summons, and . . . no copy of the complaint was ever deposited with the clerk of this court for the defendants or any of them," and, further, that "the plaintiff has not made any satisfactory or sufficient showing to excuse the said failures or omissions or any of them." No other or further findings of fact were made. The court, however, made conclusions of law, and upon those based its judgment dismissing the action.

The foregoing findings of cast and conclusions of law were made on the 29th day of January, 1910. We make this observation for the sole purpose of showing that the court did not make the findings of fact until after plaintiff's counsel had interposed their second motion, and not until all of the evidence in support of their application was actually before the court, and apparently was considered by it. From what we can gather from the record we assume that the court based its ruling entirely upon section 2946, Comp. Laws 1907, which, so far as material, reads as follows:

"Within ten days after service of the summons, the complaint, if not previously filed, together with the summons and proof of service thereof, must be filed in the office of the clerk of the court in which the action is brought. At the same time, one copy of the complaint shall be deposited with the clerk for the defendants in each county in which the summons shall have been served, unless a copy thereof was served with the summons in each of such counties. Otherwise the action shall be dismissed on motion of any defendant."

As we have seen, the court, in effect, found that that section had not been complied with in two particulars: (1) In not having filed the original complaint "within ten days after service of the summons;" and (2) in not depositing with the clerk a copy of the complaint at any time. The manner in which the facts are stated both in the findings of the court and in the motion of the defendants is somewhat peculiar. It will be observed that it is not found that the complaint nor the summons, nor the proof of service thereof, was not in truth and in fact filed "within ten days after service of the summons," as provided by the section we have quoted from, but in the motion of the defendants and in the findings of the court the statement is "that it affirmatively appears from the record in said case" that the things required by the statute were not done. No doubt it may appear from the face of a record that a certain thing was not done while as a matter of fact it may actually have been done. Simply to find that from the face of a record it appears that a certain act did not take

place is not necessarily tantamount to a positive finding that the act in question was not done.

One of the real questions in this case was not whether from the face of the record it appeared that the original complaint was filed within ten days after the service of the summons, but it was whether as a matter of fact such filing had not been made within the time aforesaid. If the complaint, summons, and proof of service were in fact filed within the time required by the statute, then the law had been complied with, although "it affirmatively appeared from the record" that such had not been done. In such event, the record did not speak the truth, and on application of either party should have been directed by the court to be corrected so as to speak the truth. It no doubt is true that it may be presumed that the return or proof of service speaks the truth with respect to both time and manner of service, but this presumption, in view of the universal experience of both courts and officers, is not conclusive, and for that reason it has become elementary to permit amendments and corrections to be made in officers' returns and such amendments are now permitted with great liberality, and, when no rights of third parties intervene, the right to amend is allowed almost as a matter of course, and sometimes is permitted without notice. (32 Cyc. 537.) The law upon the subject of permitting amendments in 1 Ency. Pl. & Pr., at pages 516, 517, is stated as follows: "A multitude of authorities declare the salutary rule that statutes of amendment are remedial and must be construed and applied liberally in favor of the privilege of amending. Upon this proposition there are no dissenting authorities."

This court is committed to the rule of permitting amendments to officers' returns liberally, to the end that such returns may show the actual truth. *Bristol v. Brent,* 36 Utah 108, 103 Pac. 1076. When counsel for plaintiff, therefore, suggested that the return of service did not speak the truth because the service of summons was made in October, instead of in September—that it was made *after* and not *before* the origi-

38 Utah—15

nal complaint was filed—the court should at once have entertained counsel's request to amend the return so as to make it speak the truth, and this should have been done before passing on the motion to dismiss the action. But since this was not done, and the proof with the return showing the actual time of service was not made until some time later, but was in fact made before the court made its findings of fact and conclusions of law, the court, if it made any findings at all, should have found the facts in accordance with the undisputed evidence, and should have ordered the return to be amended so as to speak the truth. When the court made its findings of fact, the undisputed evidence was to the effect that the service of summons was in fact made on the 5th and 8th of October, and the filing mark on the complaint and summons showed that the former was filed on the 2d and the latter on the 9th of the same month. The finding, therefore, "that it affirmatively appears from the record" that the complaint, summons, and proof of service thereof was not filed within ten days after service of summons was no longer sustained by the entire record because from an inspection of the whole record as it then stood it was disclosed that the return as originally made was erroneous, and hence should have been changed to comport with the actual facts as they were made to appear from the undisputed evidence which the court had permitted to be filed and made part of the record. Defendants no doubt knew when they were in fact served with the summons, and this knowledge, in all probability, was imparted to their counsel, or he would not have so guardedly worded his motion to dismiss so as to refer only to what the record disclosed rather than to insist upon the fact itself. This is also true of the so-called findings of fact made by the court. The question therefore arises: What was the legal status of the action in view of the foregoing facts?

Under our Code an action may be commenced in two ways. Section 2938, Comp. Laws, 1907, provides " a civil action shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought or by the

service of a summons." Section 2942, so far as material, reads: "If an action be commenced by the filing of a complaint with the clerk, summons must issue thereon within three months from the date of filing." Section 2955, in part, provides that: "From the time of the service of the summons or the filing of the complaint in a civil action, the court is deemed to have acquired jurisdiction." The actual facts, therefore, are that this action was commenced by the filing of a complaint on the 2d day of October, 1909. A summons could, therefore, have been legally issued and served at any time within three months from the filing of the complaint. As we have seen the summons was in fact served on the 5th and 8th and filed on the 9th of October. In commencing the action, therefore, and in conferring jurisdiction of the proceeding upon the court, there was no irregularity whatever if the record is permitted to speak the truth.

The only remaining question, therefore, that requires solution is: Did the court err in dismissing the action because copies of the complaint were neither served on the defendants nor deposited with the clerk for them as provided by section 2946 which we have quoted? Counsel for the defendants contends that, when it was made to appear that the provisions of that section had not been complied with in respect to the service or the depositing of a copy of the complaint, the court was bound to dismiss the action upon the application of any one of the defendants. In other words, it is contended that the provisions of that section are mandatory, and hence the court has no discretion in the matter. The whole argument of counsel is based upon the phrase used in the statute namely, "the action shall be dismissed." In view of the spirit of our whole Code with respect to the right of making timely amendments and corrections to cure defects in proceedings in order to prevent the sacrifice or loss of substantial rights of parties to actions, we are of the opinion that the provisions of said section should be so construed and applied as to prevent, if possible, under the rules of construction, a failure of justice. By section 2489 (which

the courts should constantly keep in mind when called on to construe and apply remedial statutes) it is provided: "The Revised Statutes establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice. Whenever there is any variance between the rules of equity and the rules of common law, in reference to the same matter, the rules of equity shall prevail." The salient provisions of section 2946, *supra,* therefore, are that within ten days after the summons is served the complaint in an action shall be filed, and with it shall also be filed the proof of service, and, when the complaint is filed, a copy thereof shall also be deposited with the clerk of the court for the use of the defendants in the action. If these things are not done, the statute provides that "the action shall be dismissed on motion of any defendant." In this case, therefore, the motion to dismiss the action must be sustained, if sustained at all, upon the sole ground that a copy of the complaint was neither served nor deposited as provided in the section. If the whole of the section be read in the light of what has been said, and especially in view of the duty imposed upon us by section 2489, *supra,* we are of the opinion that the court erred in dismissing the action. If we assume the statute to be mandatory instead of directory merely, we are still confronted with the fact that the court is in terms neither authorized nor directed to dismiss the action upon the sole ground that a copy of the complaint has not been served nor deposited, but, as we read the statute, the direction to the court is that "the action shall be dismissed" in case the complaint, the summons and the proof of service thereof are not filed, and that a copy of the complaint has not been served on the defendant nor deposited with the clerk for him. If all these, and not only one of them, have been omitted, then, and not otherwise, is the court in terms directed to dismiss the action.

It will be noticed that it is only with respect to the copy of the complaint that the language permits a construction in

the disjunctive, namely, that either a copy of the complaint must be served on the defendant or be deposited with the clerk for him. To do either one is sufficient. A failure to do so, however, is not, when standing alone, made a ground for dismissal of the action, but in order to require the court to dismiss the action after the summons has been served the plaintiff must fail to file a complaint including the summons and the proof of service thereof, and in addition must fail to either serve or deposit a copy of the complaint as in the statute provided. It does not seem a fair construction of the language used in section 2946 to say that an action may not be dismissed after it has been commenced by serving a summons because neither the complaint nor the summons, nor the proof of service thereof, have been filed, but that it may be so dismissed upon the sole ground that a copy of the complaint has not been served on the defendant or deposited with the clerk for him. Such a construction, however, must be given the section if it be held that the sentence, "otherwise the action shall be dismissed on motion of any defendant," applies only to the failure of serving or depositing a copy of the complaint. If the provision with respect to dismissing the action relates only to such a failure, then, of course, it cannot have any effect upon a failure to do anything else required by the statute. In view that the conditions imposed by the statute are harsh, and, under certain circumstances, may result in defeating rather than in promoting justice, we are inclined to follow the rule of construction laid down in section 2489, *supra,* and give section 2946 a a reasonably, if not a thoroughly, liberal construction with a view of promoting justice. It may be that the language is susceptible of the interpretation that, if the plaintiff fails to do any one or two things enumerated in that section, the action shall be dismissed. This however, is not the literal nor the only meaning of the language, and, in view of this and of the liberal spirit which pervades our Code respecting the preservation of substantial rights and to attain that end to construe and apply statutory provisions liberally, we feel

warranted, if not actually constrained, to construe section 2946 as indicated above.

But, once more assuming that we are wrong in the construction we have placed on the language of that section by holding that an action is not required to be dismissed upon the sole ground that a copy has not been served nor deposited, there is yet, we think, another reason why the court, in view of the undisputed facts of this case, should not have dismissed the action. There are at least two other sections which have a bearing upon the question involved here, and which should always be considered by the court when it is asked to abate or dismiss an action because of some defect in any pleading, process, or proceeding. Section 3329, among other things, expressly provides that if the time allowed by the Code in which to do an act relates to the pleadings, etc., the time within which an act is required to be done by any statute may, by the court or the judge, be extended "upon good cause shown." If, therefore, there is a statute which fixes a time within which a pleading, or any other paper in an action, must be filed or deposited, the time for filing or depositing may be extended as in said section provided, and all statutes fixing time must necessarily be considered and construed in connection with the section which gives the right generally to extend the time where a time is fixed. Applying the rule to this case, therefore, the district court should have construed and considered the provisions of section 2946 with regard to the time therein mentioned in connection with the provisions contained in section 3329, *supra,* wherein the power to extend the time for filing pleadings is especially conferred on the court when good cause is shown for such extension. As soon as appellant's counsel discovered the fact that their stenographer had misunderstood their directions and had failed to deposit a copy of the complaint with the clerk, they at once made application to the court for leave to deposit a copy and thus to supply the omission on their part. We think the facts stated by counsel why they had failed to deposit a copy of the complaint contained good cause for the court to permit them

to deposit such copy at the time the application was made. We are of the opinion, therefore, that the court erred in not permitting counsel to deposit the copy of the complaint for the defendants as requested in their application. But we think the court should have relieved counsel of the consequences of their omission to deposit a copy of the complaint under section 3005. Ample discretionary power is there conferred upon the district courts to relieve parties from acts of excusable neglect with regard to things such as are included in this proceeding. We cannot conceive of a better example than this case to illustrate the wisdom of section 3005. In actions like the one at bar a claimant has only thirty days in which to bring his action if he desires to protect his interests in or ownership of mining claims. If he does not institute an action within that time, his rights, however valuable, are forever barred, and some one, who, as against him, may not be entitled to the property, may obtain it, or the title may remain in the government when as a matter of right and justice, it should pass to the claimant. If, therefore, an action of this kind be erroneously dismissed, the loss incurred by the claimant cannot be retrieved by the bringing of another action. If there is any case in which the discretionary powers of the court should be carefully exercised, it is when an attempt is made by a party interested to prevent his adversary from presenting his whole case to the court or jury by asking that the action be peremptorily dismissed without a hearing or trial on the merits. Although there may be general statements in a particular section of the Code directing a dismissal of an action in case a certain thing is omitted, yet this general statement must always be construed and considered in connection with other provisions of the Code which are expressly designed to confer the necessary power on the courts to permit certain defects to be cured in order to prevent injustice by a strict application of the general rules of procedure. At all events, the failure to deposit a copy of the complaint is not jurisdictional but is a mere irregularity.

(*Millette v. Mehmke,* 26 Minn. 306, 3 N. W. 700;        **8**
19 Ency. Pl. and Pr. 575, 576.)

While there are a few cases which hold that, where a statute requires that copies of pleadings be served or filed a failure to do so is fatal to the action, yet the very cases in which such a rule is laid down concede that the rule is unnecessarily harsh, and may result in injustice. See *Hutchinson v. McClellan,* 2 Wis. 18, and *Elmore v. Garvey,* 4 Wis. 152. There are no other cases cited by counsel or that we were able to find by independent research which are in point one way or the other. There are, however, some cases in which analogous questions arose and the right to supply omissions and correct mistakes by making proper amendments if the application therefor is timely made is discussed and applied. These cases amply illustrate the liberality with which the rule of permitting amendments is applied by the courts. Among numerous other cases that could be cited we refer to the following for the purpose of showing both the early and the later trend of the courts: *Fox, etc., Ry. Co. v. Shoyer,* 7 Wis. 365; *Schieffelin v. Whipple,* 10 Wis. 81; *Railway v. Bailey,* 70 Ohio St. 88-91, 70 N. E. 900.

Construing all of the several provisions of our statute to which we have referred together, and giving them all the force and effect which we think the legislature intended them to have, we are of the opinion that the legislature by the general statement that the action shall be dismissed did not thereby intend to prevent the court from permitting a plaintiff from supplying the omission to deposit or serve a copy of the complaint if he made a timely application upon good cause to supply such omission. To hold otherwise would in our judgment ignore the whole spirit which pervades our Code, and in many cases lead to injustice instead of furthering the same as is enjoined by section 2489.

But it is also contended that the ruling of the court should be upheld because the original complaint was not "subscribed by the party or his attorney," as required by section 2983. Although the complaint in the record appears to be

signed, we shall nevertheless for reasons appearing of record treat it as not having been signed when it was originally filed. The complaint before filing was, however, duly verified as required by section 2983, which verification was made and signed by the vice president of the corporation. It has repeatedly been held that the provision of the Code requiring a complaint to be subscribed by the party or his attorney is sufficiently complied with if the complaint is verified and such verification is signed. (1 Bates' Pl. Pr. Parties and Forms, 162; *Harrison v. Wright,* 1 N. Y. St. Rep. 736; *Barrett v. Joslynn,* 9 Misc. Rep. 407, 29 N. Y. Supp. 1070; *Com. v. Rhodes,* 26 Ohio St. 644; *Railway v. Bailey,* 70 Ohio St. 88, 70 N. E. 900; *State v. Chadwick,* 10 Or. 423.)

Counsel, however, seeks to distinguish this case from those cited because in this case the plaintiff, who is the party, is a corporation, and hence the party did not make nor sign the verification. We cannot yield assent to such a contention. The vice-president in making and signing the verification acted for the corporation in a matter in which it could only act through him or not act at all. The corporation, although it could be a party, could not subscribe a complaint, and therefore the statute prescribes that this must be done by one of its officers or agents. The officer who makes the verification, therefore, takes the place of the corporation—the party to the action—and his act is its act. We think the signature to the complaint in this case comes squarely within the rule laid down in the cases to which we have referred, and hence the requirement of the statue that a complaint be subscribed by a party is sufficiently complied with. In any event, such a defect must be objected to timely and specifically or it will be deemed waived. If such an objection is made, however, the court will always permit the party to cure the defect by subscribing the complaint.

Upon the whole record we are constrained to hold that the court erred in dismissing the action. The judgment is therefore reversed and the cause remanded to the district

court, with directions to set aside its order and judgment of dismissal and reinstate the action, appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.