Argued July 9, decided July 22, rehearing denied September 9, 1913.

## KLEIN *v.* TURNER.

(133 Pac. 625.)

**Pleading—Answer—Subscription.**
1.  Signing the verification of an answer by the defendant from whom title to the realty in controversy was derived was a sufficient subscription of the answer so far as he was concerned, and it was error to strike such answer from the record because it was not signed by either defendants or their attorney.

**Judgment—Default—Failure to Plead.**
2.  Where defendant had filed an answer sufficient to prevent a default within the time specified by published summons, it was error for the court to strike the answer and render judgment against defendant by default.

**Attachment—Real Property—Certificate of Sheriff.**
3.  Certificate of sheriff to an attachment reciting the names of the parties, the description of certain real property levied on, and a

66 Or.—24

statement that the property had been attached at the suit of the plaintiff in the action and indorsed with a certificate of the county clerk that the same had been recorded in the attachment records on a specified date, constituted a sufficient compliance with Sections 300, 302, L. O. L., providing for the attachment of real property to create a lien on the property during the pendency of the action or until dissolved.

Attachment—Continuance of Lien—Subsequent Proceedings—Invalidity.

4. Where certain land was validly attached in an action against the owner, but the court improperly struck defendants' answer from the files, and rendered judgment against them by default, the striking of the answer destroyed the effect of the service of summons by publication, however valid, and the subsequent proceedings, so that the action stood thereafter as though nothing had been done, except to file the complaint, attach the property, and issue the summons, and hence a subsequent mortgagee took subject to the pending lien.

Attachment—Summons—Extent of Attachment Lien.

5. Where a published summons under which certain land in controversy had been attached warned the defendant that plaintiff would take judgment against him for $108.15, being the amount due on a note and interest thereon, together with attorney's fees, costs and disbursements, while the summons delivered to the sheriff gave notice only that plaintiff would take judgment against the defendant for $108.15 without mention of the other demands, the attachment lien was limited to the latter sum.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.     Statement by MR. JUSTICE BURNETT.

The plaintiff, Adolph Klein, alleging himself to be the owner of certain described land in Douglas County, Oregon, which is not in the actual possession of any person other than himself, brings this suit to remove from the title thereof a cloud which he asserts is cast thereon by the claim of the defendant George Turner. The latter, in turn, says he is owner of the same land, and prays that the claim of the plaintiff be canceled as a cloud upon the title of the defendant George Turner. The defendant Garnet Turner is not involved except as the wife of George Turner. From a decree in favor of the plaintiff, the defendants appeal.

MODIFIED.

For appellants there was a brief and an oral argument by *Mr. Benjamin L. Eddy.*

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It appears that one John Suckert was the owner of the land in dispute, and from him both parties claim. The plaintiff's right to the property rests upon (1) a mortgage executed by Suckert and wife to plaintiff October 27, 1904, and recorded in the mortgage records of Douglas County November 25, 1904; and (2) a warranty deed executed by Suckert and wife to plaintiff December 27, 1904, and recorded in the deed records of that county January 3, 1905. The defendant George Turner claims through a judgment entered in his favor against Suckert in an action commenced in Douglas County November 19, 1904, upon a promissory note given by Suckert and another to Turner, in which action a writ of attachment was issued and levied upon the land in question. Summons in that action was served by publication. The defendant avers, in substance, that he duly recovered judgment together with an order for sale of the attached realty, and that, having purchased the same at a sheriff's sale, and the sale having been confirmed, he received a deed in due time from that officer, whereby he succeeded to all the title of Suckert in the premises as the same stood at the date of the attachment, which was six days prior to the filing of the mortgage above mentioned.

The case turns upon the effect to be given to the proceedings in the action of Turner against Suckert, the judgment-roll, and some other papers of which are in evidence. Among others, there appears a certificate of attachment in the case of *Turner* v. *Suckert* made

by the sheriff of Douglas County, containing the title of the cause, the names of the parties to the action, a description of the real property in question, and a statement that the same had been attached at the suit of the plaintiff in the action. Indorsed thereon was the certificate of the county clerk of Douglas County, to the effect that the same was recorded by him in the Douglas County records of attachments November 19, 1904. To the affidavit of L. Wimberly, editor of the "Roseburg Review," concerning the publication summons, was attached the printed summons published in the action whereby the defendants were required to appear and answer the complaint on or before January 11, 1905. An answer was filed, according to the indorsement of the clerk thereon, January 9, 1905, containing the title of the court and cause in which the defendants pleaded a want of consideration for the note upon which the action was based, and further denied "each and every allegation, averment, statement, and every portion thereof as contained in plaintiff's complaint save what is hereby admitted, qualified, or explained." Then follows a demand for judgment, to the effect that plaintiff take nothing by his action, and that defendants recover their costs and disbursements. This is followed immediately by an affidavit as follows:

"State of Minnesota,
    County of Beltrami.

"John Suckert, being duly sworn on oath, says that he is one of the defendants above named; that he has read the above and foregoing pleading and knows the contents thereof, and that the same is true of his own knowledge.

                    "[Signed]   JOHN SUCKERT.

"Subscribed and sworn to before me this 29th day of December, A. D. 1904.

    "[Notarial Seal.]      CHARLES W. SCRUTCHIN,
        "Notary Public, Beltrami County, Minnesota."

On January 16, 1905, the plaintiff in the action moved the court to "strike defendant's answer from record for the reason that said answer is not signed by either defendants nor their attorney, and for the further reason that said answer was not filed within the prescribed limit of time required by statute."

According to the record in that action the court allowed the motion, and, reciting that "the defendants and each of them have made no appearance herein and are in default," rendered judgment in favor of the plaintiff, and against the defendants for $108.15, with $20 attorney's fees and $15 costs and disbursements, and further ordered that "the plaintiff sell the real property belonging to the defendants heretofore attached in this action in the manner prescribed by law," describing the same. This judgment and the sale in pursuance thereof, followed by the sheriff's deed, constitute the muniment of title under which the defendants claim.

Numerous objections were urged against the validity of the order directing publication of summons and the record evidencing jurisdiction of the court. Conceding as a postulate, however, without deciding, that the court acquired jurisdiction by the attempt at substituted service which has been pointed out, it becomes necessary to consider the effect of striking out the answer upon the objections urged against it. The published summons having required the defendant to answer on or before January 11, 1905, such a pleading filed January 9, 1905, was in time.

1. The signing of the affidavit of verification by the defendant from whom the title to the realty was derived was a sufficient subscription of the answer in question so far as he was concerned. In the case of *Zollicoffer* v. *Briggs,* 3 Rob. (La.) 236, the court held that the signature of a petitioner to an affidavit which

the law requires to be annexed to the petition is a sufficient signature of the petition itself. A like doctrine is laid down in *Johnson* v. *Johnson,* Walk. Ch. (Mich.) 309; *Barrett* v. *Joslynn,* 9 Misc. Rep. 407 (29 N. Y. Supp. 1070); *Harrison* v. *Wright,* 1 N. Y. St. Rep. 736. Here, then, was an answer signed by the defendant, through whom title is deraigned, and filed within the time required by the published summons. Hence it was not amenable to the objections urged against it by the motion of the plaintiff in the action.

2. Something was said in the argument here about there being no showing that the filing fee required of the defendant had been paid, but that question was not urged by the motion, and will not be here considered. The situation, then, is that although the defendant had been summoned to answer and had tendered an answer, valid as against the objections urged, the court at the instance of his adversary not only refused to hear him, but rendered judgment without such hearing. In *Windsor* v. *McVeigh,* 93 U. S. 274 (23 L. Ed. 914), proceedings had been commenced against the plaintiff under the confiscation act of Congress. Process of monition was issued and published, requiring all persons interested in the land, or claiming an interest, to appear and make their allegations in their behalf, and to show cause why condemnation should not be decreed, etc. The owner of the property, in response to the monition and notice, appeared by counsel and filed a claim to the property and an answer to the libel. Later the district attorney moved that the claim, answer and the appearance of the respondent by counsel be stricken from the files on the ground that it "appeared from his answer that he was at the time of filing the same a resident within the city of Richmond, within the Confederate lines, and a rebel." The motion was sustained. The court immediately entered its sentence

of condemnation forfeiting the lands to the government as upon default, and the land was sold by virtue of the decree of condemnation. The action in which the question arose and was decided was one of ejectment brought by the defendant in the confiscation proceeding to recover the land from the grantee of the purchaser at the judicial sale. Mr. Justice FIELD thus characterizes the proceeding described: "It would be like saying to a party, 'Appear, and you shall be heard'; and, when he has appeared, saying, 'Your appearance shall not be recognized, and you shall not be heard.' * * The law is, and always has been, that whenever notice or citation is required the party cited has the right to appear and be heard; and, when the latter is denied, the former is ineffectual for any purpose. The denial to a party in such a case of the right to appear is in legal effect the recall of the citation to him." The court further held that the decree of confiscation was void as against the collateral attack urged in the action of ejectment. The same doctrine was approved in the case of *Hovey* v. *Elliott,* 167 U. S. 409 (17 Sup. Ct. Rep. 841, 42 L. Ed. 215). The defendant had answered in a suit pending, during the progress of which the court made an order requiring him to pay into the registry of the court money held by him which was the subject of controversy in the suit. He did not obey the directions of the court, and in a proceeding against him for contempt, besides punishing him by fine, the court ordered that his answer be stricken from the files, and that the bill be taken *pro confesso* against him. The Supreme Court held that the decree thus pronounced was void because it was entered against the defendant without allowing him to be heard. The principle established in those cases is decisive of the one at bar in which, obeying the summons, the defendant, through whom both parties deraign title, tendered

an answer which, however, the court refused to consider, and gave judgment without a hearing. It is easily differentiated from the cases cited by the defendants wherein the paper effecting the appearance was voluntarily withdrawn or the action of the court striking it from the files was waived by a different and subsequent appearance. Voluntary withdrawal or waiver is quite different from being refused a hearing on issues properly tendered.

3, 4. The action was properly commenced. The certificate of the sheriff necessary to create a lien by attachment under Sections 300 and 302, L. O. L., was in proper form, and sufficient to create the lien described in those sections. Under the precedents cited, the subsequent proceedings in the action are void. The striking out of the answer destroyed the effect of the service of summons by publication, however valid it may have been, and the action stands as if nothing had been done therein but file the complaint, attach the property, and issue summons. The mortgage and deed from Suckert to plaintiff were not recorded within five days after their execution, and hence the lien of the attachment takes precedence over them subject to the event of the litigation in which it accrued.

5. Referring to the published summons, we find that the defendants are thereby warned that, on failure to answer, the "plaintiff will take judgment against you for the sum of $108.15, being the amount due on a promissory note and interest thereon together with attorney's fees and costs and disbursements in this action," while the summons delivered to the sheriff gives notice that "the plaintiff will take judgment against you for the sum of one hundred and eight and 15/100 ($108.15) dollars," without mention of other demands. Thus the amount of the lien is fixed at the sum of money mentioned. The decree of the Circuit

Court should be modified so as to declare the plaintiff the owner in fee simple of the land in question subject to the lien of the attachment in the sum of $108.15.

The decree is modified accordingly, neither party to recover costs in this court.

MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.