(No. 7257.   May 28, 1946.)

ADA UPDEGRAFF, Plaintiff and Respondent, v. FRED E. ADAMS, sometimes known as F. E. ADAMS, Defendant and Appellant.

[169 P. (2d) 501.]

E. G. Elliott for appellant.

Richards & Haga, J. L. Eberle and B. S. Varian for respondent.

GIVENS, J.—February 1, 1944, Ada Updegraff filed a complaint to renew and keep alive a judgment for $2393.60 and costs, obtained February 5, 1935, by her against appellant and for interest thereon at 6% per annum from said date; 'Richards & Haga' being formally designated as her attorneys.

Appellant on February 21, 1944, interposed a demurrer to the jurisdiction of his person and the sufficiency of the facts as stated; and a motion to strike because the complaint was not signed or subscribed by plaintiff or a qualified resident attorney.

An amended complaint was filed February 23, 1944, identical with the original, but with "Richards & Haga" and "J. L. Eberle" and "B. S. Varian" formally designated as attorneys for plaintiff.

Renewed motion to strike was denied and appellant answered April 15 admitting the original judgment, its proper filing, etc. and alleging as sole defense, complete payment and satisfaction thereof February 18, 1944.

Plaintiff's attorneys then moved to set aside the satisfaction as entered without their approval or knowledge until service of the answer (not denied by appellant), in order to enforce their claimed and asserted lien for unpaid attorney's fees of $150 balance on the original action, $250 on the renewal action and $150 in the event of an (instant) appeal. They later waived the $150 on the original action and sought only the fees in the renewal action and on appeal.

The court in open session took respondent's evidence as to the reasonableness of the fees sought, ignorance of and nonacquiescence in, the satisfaction of judgment, and subsequent affidavits supplementary to the affidavit in support of their application to vacate the satisfaction and enforce their lien, deposed plaintiff's employment of claimant attorneys, both nisi prius and on appeal and the reasonableness and nonpayment of the claimed fee.

Appellant tendered no evidence or counter affidavits, but challenged the sufficiency of claimants' pleadings and evidence, reiterating lack of proper attorney attestation or representation, in that Sections 52-501-7, I.C.A. had not been complied with by the partnership of Richards & Haga.

The court found on sufficiently supporting and uncontroverted affidavits, respondent's employment of claimant attorneys, agreement to pay a reasonable fee, documentation and filing of original judgment, renewal suit, proper service and purported satisfaction unknown to claimants, concluding their consequent right of revocation thereof and impressment of lien on the revived judgment to the extent of the due and unpaid fees as reasonable; vacated the satisfaction and entered judgment in respondent's name for claimants' benefit for $250 attorney's fees for trial services herein, and $150 in the event of appeal, from all of which the appeal herein was taken.

Rule 25 of this court provides that in transcripts * * * "the verification must be omitted, except the date of filing, which must be added at the end of each paper, and if the paper is verified, say 'duly verified'. * * * If some error is assigned, or some fact is necessary to be shown as to the form, sufficiency, or substance of the title, endorsements, or verification, they must be transcribed in full."

The transcript herein was prepared on appellant's praecipe and contains this entry on the first or original renewal complaint: "(Verified by J. L. Eberle as a member of the firm of Richards & Haga.)"

Sections 5-701-2, I.C.A.[1] provide for signing and verification of pleadings.

No error is assigned as to the form or sufficiency of the verification; therefore, under Rule 25, we must—absent record to the contrary—consider it as complete and in conformity with Section 5-702.[2] *Judy v. Reilly Atkinson & Co., Inc.*, 59 Ida. 752 at 758, 87 P. (2d) 451. This section permits a pleading, when not verified by the party or other informed person, to be verified by the attorney. Verification means attestation under oath as to the truth, etc. of the pleadings and is, perforce, a personal ceremony—

[1] "5-701. Pleadings to be signed by resident attorney.—All pleadings filed in the district courts or Supreme Court of this state shall be signed by a resident attorney of the state of Idaho, who shall state his residence or post-office address; and the name of a resident attorney shall be indorsed on all summons issued out of the district courts, and all pleadings required to be verified shall be verified by a party to the action, or any attorney residing in the state of Idaho and regularly admitted to practice in the courts of this state." Idaho Code Annotated.

[2] "5-702. Verification of pleadings.—Every pleading must be subscribed by the party or his attorney, and, when the complaint is verified, or when the state or any officer of the state, in his official capacity, is plaintiff, the answer must be verified unless an admission of the truth of the complaint might subject the party to a criminal prosecution, or unless an officer of the state in his official capacity is defendant.

"In all cases of a verification of a pleading, the affidavit of the party must state that the affiant believes the facts stated in the pleading to be true, and, where a pleading is verified, it must be by the affidavit of a party, unless the parties are absent from the county where the attorney resides or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person, except one of the parties, he must set forth in the affidavit the reasons why it is not made by one of the parties; when a corporation is a party the verification may be made by an officer thereof." Idaho Code Annotated.

in this instance by J. L. Eberle as an individual and as attorney for respondent. (67 C.J. 231, No. 213 and note.) No question is raised as to J. L. Eberle, Esq. being an attorney of this court. All the authorities we have found hold, with none to the contrary, that verification by the attorney is sufficient as subscription under the requirements of Section 5-701, I.C.A.

"The complaint itself was not subscribed at all, but the verification was subscribed by John L. Crandell, who, in his affidavit of verification, states "that he is the attorney and agent of the plaintiff in the above-entitled action'. Was this sufficient to satisfy the requirement of the statute that the complaint must be subscribed by the plaintiff or his agent? In at least three cases this precise question has been before the court, and in all of them such a signing of the affidavit of verification has been held sufficient. In the case of *Harrison v. Wright,* decided at the general term of the superior court of Buffalo in 1886, reported in 1 N.Y. St. Rep. 736, the court cites and follows the case of *Hubbell v. Livingston,* 1 Code Rep. 63, * * *

"In *Barrett v. Joslynn,* 9 Misc. Rep. 407, 29 N.Y. Supp. 1070, the only question before the court upon appeal was this same question, and the general term (1894) say:

'The complaint was verified by the plaintiff, as required by the Code, and he signed his name to the verification, but did not subscribe the complaint itself. In *Harrison v. Wright,* 1 N.Y. St. Rep. 736, where the precise question was up, it was held by the unanimous opinion of the general term of this court that the signature of the plaintiff to the affidavit was a sufficient subscription of the complaint to meet the requirements of the statute. As no authority is shown us holding differently, and on facts exactly parallel, we must follow the law as laid down in that case.'

"The soundness of these decisions seems never to have been questioned, and I see no reason why they are not decisive of the appellant's first point." *Clark's Cove Fertilizer Co. v. Stever,* 62 N.Y. Supp. 249 at 250.

"But it is also contended that the ruling of the court (dismissal of the action) should be upheld because the original complaint was not 'subscribed by the party or his

attorney', as required by section 2983. Although the complaint in the record appears to be signed, we shall nevertheless for reasons appearing of record treat it as not having been signed when it was originally filed. The complaint before filing was, however, duly verified as required by section 2983, which verification was made and signed by the vice president of the corporation. It has repeatedly been held that the provision of the Code requiring a complaint to be subscribed by the party or his attorney is sufficiently complied with if the complaint is verified and such verification is signed. 1 Bates' Pl. Pr. Parties & Forms, 162; *Harrison v. Wright*, 1 N.Y. St. Rep. 736; *Barrett v. Joslynn*, 9 Misc. Rep. 407, 29 N.Y. Supp. 1070; *Conn v. Rhodes*, 26 Ohio St. 644; *Railway v. Bailey*, 70 Ohio St. 88, 70 N.E. 900; *State v. Chadwick*, 10 Ore. 423." *West Mountain Lime & Stone Co. v. Danley* (Utah), 111 P. 647 at 652.

"The signing of the affidavit of verification by the defendant from whom the title to the realty was derived was a sufficient subscription of the answer in question so far as he was concerned. In the case of *Zollicoffer v. Briggs*, 3 Rob. (La.) 236, the court held that the signature of a petitioner to an affidavit which the law requires to be annexed to the petition is a sufficient signature of the petition itself. A like doctrine is laid down in *Johnson v. Johnson*, Walk. Ch. (Mich.), 309; *Barrett v. Joslynn*, 9 Misc. Rep. 407, 29 N.Y. Supp. 1070; *Harrison v. Wright*, 1 N.Y. St.| Rep. 736." *Klein v. Turner et al* (Ore.), 133 P. 625 at 626.

*McTyer v. Stearns* (Ga.), 83 S.E. 955, and *In re Graff's Estate, Ward v. Graff et al* (Neb.), 125 N.W. 1091.

The subsequent pleadings were signed by, in addition to "Richards & Haga", "J. L. Eberle" and "B. S. Varian", the last two admittedly authenticated attorneys of this court. The designation of Richards & Haga, may, therefore, be entirely disregarded and treated as surplusage without affecting or voiding the appearance by J. L. Eberle, Esq. and Honorable B. S. Varian.

The fees sought herein are for the present claimant attorneys, all fees as to the partnership of Richards & Haga or its former member in the original action having been waived.

We may and do disregard all reference to Richards & Haga and base no reliance thereon; therefore, without approving the use of such partnership name, both named members being deceased, it is unnecessary to discuss or determine whether Sections 52-501-7, I.C.A. supra, apply to a law partnership.

Appellant thus groups the balance of his assignments in his brief—"For all practical purposes, all questions raised under the Specification of Errors (except only those discussed above) (idem therein and herein) are involved in the right of respondent's counsel to hold appellant liable for their Attorney's fees herein, * * *."

In addition to the asserted failure of the partnership to comply with Sections 52-501-7, I.C.A. above discussed and determined, the gist of the above assignment grouping is the insufficiency of claimants' pleadings and evidence. While both were developed piecemeal and somewhat disjointedly, they in substance follow and comply with the procedure approved in *Renfro v. Nixon*, 55 Ida. 532, 45 P. (2d) 595; *Lehigh & N. E. R. Co. v. Finnerty*, 61 F. (2d) 289. No prejudice appears from the way in which the hearing, though intermittent, was conducted, *Holland v. Harley*, 174 S.W. (2d) 567, and the burden is on appellant to show error. (*Donahoe v. Herrick*, 44 Ida. 560, 260 P. 150; *Byington v. Horton*, 61 Ida. 389 at 402, 102 P. (2d) 652; *Baldwin v. Mittry*, 61 Ida. 427 at 435, 102 P. (2d) 643; *Patrick v. Smith Baking Co.*, 64 Ida. 190 at 195, 129 P. (2d) 651.)

"Moreover, appellants have not shown or pointed out wherein they were prejudiced by the procedure followed by the trial court in the instant case. Error is never presumed on appeal and the burden of establishing error is upon the party alleging it. *Judy v. Reilly Atkinson & Co., Inc.*, 59 Ida. 752, 757, 87 P. (2d) 451; *State v. Snoderly*, 61 Ida. 314, 319, 101 P. (2d) 9." *O'Connor v. Meyer*, 66 Ida. 15, 154 P. (2d) 175 at 177.

The statute[3] gives the lien and notice thereof,

[3]"3-205. Attorneys' fees—Lien.—The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties, which is not restrained by law. From the commencement of an action, or the service of an answer

*Woodbury v. Andrew Jergens Co.,* 69 F. (2d) 49, and the employment and obligation to pay, and reasonableness of the fee were prima facie proven, and found, and appellant by his subterfuge in securing the satisfaction is liable therefor. *Renfro v. Nixon* supra; *Jellico Coal Mining Co. et al v. Pope et al* (Ky.), 166 S.W. (2d) 287; *Baker v. Tullock* (Mont.), 77 P. (2d) 1035; *Slayton v. Russ* (Ark.), 169 S.W. 571; *Nelson v. Massman Const. Co.* (Mo.), 120 S.W. (2d) 77 at 89; *Call v. Robinson* (Mo.), 79 S.W. (2d) 489.

The judgment is, therefore, affirmed. Costs to respondent.

Ailshie, C.J., and Budge, Holden, and Miller, JJ., concur.

containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and can not be be affected by any settlement between the parties before or after judgment." Idaho Code Annotated.