## BROWN v. HOLLAND.

LEWIS, J.   If, after a judgment for money has been rendered in the trial court and affirmed by the Supreme Court, an "extraordinary" motion for a new trial, based on the ground that the judge by whom the judgment was rendered was disqualified because of relationship to the plaintiff's attorney, who had a contingent interest in the recovery, can in any case be held good, it certainly can not when it appears that, before the rendition of the judgment, the defendant's attorney knew of the relationship and knew that the plaintiff's attorney had such an interest.

*Judgment affirmed.   All the Justices concurring.*

Submitted March 13,— Decided April 7, 1900.

Extraordinary motion for a new trial.   Before **Judge Russell.**   Gwinnett superior court.   May 23, 1899.

*Oscar Brown* and *Juhan & McDonald,* for movant.
*N. L. Hutchins Jr.,* contra.

---

## COFFEE et al. v. RAMEY.

SIMMONS, C. J.   The evidence, even without considering that objected to, was clear and uncontradicted that the defendant in error, a married woman, signed the note sued on as security for her son.   The jury could have found no other verdict, and the court did not err in refusing a new trial.

*Judgment affirmed.   All the Justices concurring.*

Argued March 14, — Decided April 7, 1900.

Complaint.   Before Judge Estes.   Rabun superior court. February term, 1899.

*W. S. Paris,* for plaintiffs.
*H. H. Dean* and *R. E. A. Hamby,* for defendant.