## BERRY *v.* THE STATE.

1. The disqualification of a judge by reason of relationship to the prosecutor must, if known to the accused or his counsel, be suggested before verdict, and, if not then urged, will not be cause for a new trial.
2. Even if, under the facts of this case, the judge was disqualified, it was too. late to raise the question for the first time in the motion for a new trial.
3. There was sufficient evidence to support the verdict, and the court did not err in refusing to grant a new trial.

Argued January 19, — Decided February 6, 1903.

Accusation of selling liquor without license. Before Judge. Hammond. City court of Griffin. December 29, 1902.

*T. E. Patterson* and *J. J. Flynt*, for plaintiff in error.
*Joseph D. Boyd, solicitor*, and *O. H. P. Slaton*, contra.

FISH, J. W. G. Berry was convicted, in the city court of Griffin, upon an accusation charging him with selling liquor with- out a license. He excepted to the overruling of his motion for a new trial. The affidavit upon which the accusation was based was made by W. E. Futral, and the accusation recites this fact. During the progress of the trial, after the jury had been selected and sworn, and when the introduction of evidence was about to. begin, upon a motion for the sequestration of the witnesses, coun- sel for the State, in open court, stated that D. J. Bailey was mayor of the City of Griffin and had directed Futral, who was a police-

man of the city, to swear out a warrant against Berry and to prosecute the case, and that, as Bailey had directed and managed its prosecution, he was in fact the real prosecutor, and that counsel desired his presence in the court-room to aid him in conducting the case. The accused and his counsel were present and heard this statement. It appears from the record that Judge E. W. Hammond, before whom the case was tried, is the uncle of the wife of D. J. Bailey, and that both the accused and his counsel had knowledge of this relationship prior to the trial. No objection was urged, or protest entered, by the accused or his counsel, at any time before verdict, to Judge Hammond's presiding in the case, but the question of his disqualification was raised for the first time in the motion for a new trial. Granting that Judge Hammond was really disqualified to preside upon the trial, it is clear, we think, under the facts of the case, that such disqualification was not cause for a new trial. As the accused knew of the disqualification of the judge before verdict and made no objection to his presiding, he will be held to have waived such disqualification, and, therefore, can not after conviction obtain a new trial upon this ground. *Meeks* v. *Guckenheimer,* 102 *Ga.* 710 ; *Shope* v. *State,* 106 *Ga.* 226; *Brown* v. *Holland,* 111 *Ga.* 817 ; *Tindall* v. *Nisbet,* 113 *Ga.* 1132.

The evidence amply warranted the verdict, and there was no error in refusing to grant a new trial.

                         *Judgment affirmed.*     *By five Justices.*