McTYER *et al.*, administrators, *et al. v.* STEARNS.

1. Admissions made and filed in court by a defendant in an answer to another case are admissible in evidence against him when they are relevant to any issue in the case on trial.
(a) Where a petition is brought for the recovery of land and the type-written names of plaintiffs' attorneys are attached thereto, the signing of the verification of the petition by one of the attorneys is a sufficient signature to the petition itself.
2. Admissions of a party made and filed to another suit not on trial are not admissible on the trial of a case in which he is not a party; but the admission of such testimony will not cause the grant of a new trial where the verdict is demanded by the evidence.
3. Where a deed conveying real estate in Georgia is executed outside of the State, not in conformity to the statute, but the same deed is subsequently re-executed before a commissioner of deeds for the State of Georgia in compliance with the law, and the deed is subsequently recorded as provided for the record of deeds, such deed is admissible in evidence as properly executed, if relevant, when tendered together with the entries thereon, as a part of the muniments of title of the party tendering it in the case on trial.
4. The verdict was demanded by the evidence which was clearly admissible; and if there was any error in admitting certain other evidence, it will not require a reversal.

DECEMBER 18, 1914.

Complaint for land. Before Judge Frank Park. Decatur superior court. July 28, 1913.

Frederick M. Stearns brought suit against Jesse P. Williams, of Chatham county, and G. W. Dollar, of Decatur county. While the case was pending in this court, Williams died, and his administrators, R. A. McTyer et al., were made parties in his stead. The petition alleges substantially as follows: The defendants are in possession of lot of land No. 130, in the 15th district of Decatur county, containing 250 acres, more or less. The plaintiff claims title to the land, being seized thereof in fee under the title shown in the common grantor of plaintiff and defendants, to wit, J. W. Bryan. Defendants have received the rents and profits of the land

since October 15, 1905, of the yearly value of $300, and refuse to deliver them to the plaintiff, or to pay the profits. Defendants claim the land under J. W. Bryan, who, on December 15, 1885, owned it by reason of the fact that he had been in the continuous, exclusive, and uninterrupted possession of the lot, under color of title, for more than three years, the possession having been during all of said time evidenced by cultivation, enclosure, working the pine trees on the land for turpentine purposes, and otherwise, and the possession having been all the time so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupancy by another, and having been, during all the time, peaceable, uninterrupted, exclusive, continuous, accompanied by a claim of right, and in good faith, said Bryan being in possession of the land on December 15, 1885, when he conveyed to the Cypress Lumber Company. Defendants claim the land under a sheriff's deed from L. F. Patterson, sheriff of Decatur county, to J. P. Williams & Co., dated July 2, 1889, and a deed from J. P. Williams & Co. to Jesse P. Williams, dated August 16, 1897. Said deeds are fraudulent and void. After the Cypress Lumber Co. bought the land, the same was duly conveyed by it to Albert T. Stearns, and by him to the plaintiff. In December, 1898, while plaintiff was still in possession of the land under said deed, Williams enjoined plaintiff from occupying and using the lot. While plaintiff was so enjoined, Williams moved Dollar upon the land. This entry was in contempt of court and illegal. Plaintiff prays a recovery of the land from the defendants, and that the deeds of defendants be canceled, etc. Demurrers, general and special, were overruled, and defendants excepted pendente lite.

Defendants answered the petition, denying its material allegations, and later amended their answer, averring that it is true that at one time defendants thought that they claimed the title to the land in dispute by virtue of a deed from J. W. Bryan, but defendants do not now claim under that deed, and have long since repudiated all deeds coming by, through, or under J. W. Bryan, and deny that they hold under any common source of title with the plaintiff. The case proceeded to trial, which resulted in a verdict for the plaintiff. A motion for a new trial being overruled, the defendants excepted.

*T. S. Hawes*, for plaintiffs in error. *Pope & Bennet*, contra.

HILL, J. (After stating the foregoing facts.)

1. The first ground of the amendment to the motion for a new trial complains that the court erred in admitting in evidence the original petition filed in the superior court of Decatur county by J. P. Williams against C. C. Cliett on December 28, 1898, together with the entries thereon: (1) On the ground that it was irrelevant and immaterial. (2) Because it does not purport to be signed by any person, but that a firm name is typewritten as the signature to the petition. (3) Because the petition is not verified by the plaintiff in the suit, but by a member of the law firm representing the plaintiff. All these objections to the admissibility of the evidence are without merit. The petition was relevant as tending to show an admission that the parties were claiming the land in controversy under a common grantor, J. W. Bryan. *Printup* v. *Patton,* 91 *Ga.* 422 (18 S. E. 311) ; *St. Paul &c. Ins. Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (39 S. E. 483). While the typewritten signature of the law firm was attached to the petition, the affidavit verifying the petition was signed by a member of the firm; and we think that is sufficient to identify the signature. 1 Bates, Pl. 163; 31 Cyc. 526 (c) ; In re Graff, 86 Neb. 535 (125 N. W. 1091) ; Klein *v.* Turner, 66 Or. 369 (133 Pac. 625).

2. Exception is taken to the admission in evidence of the plea filed by C. C. Cliett to the petition mentioned in the foregoing division of this opinion. Of course the admissions of Cliett, who is not a party to the instant suit, in an answer to another suit, would be inadmissible; but the admission of this testimony will not require a new trial, as under the evidence the verdict for the plaintiff was demanded.

3. Error is assigned because the court admitted in evidence a deed from Cypress Lumber Company to Albert T. Stearns, conveying the land in controversy, together with all the entries on the deed. The objection urged to the admissibility of the deed, at the time the same was tendered in evidence, was that it was not attested or acknowledged in the manner provided by law, and was improperly admitted to record, and could not be admitted in evidence except upon proof of its execution. The caption of the deed was as follows: "State of Florida, Franklin County, City of Apalachicola," and it was signed, "Cypress Lumber Co. (Seal), Fred M. Stearns, Vice-President (Seal)," with the impression seal of the Cypress

Lumber Company attached. It was attested by John C. Ruge and J. B. Sharit on the 22d day of December, 1888. On the same date Ruge certified that Fred M. Stearns appeared before him and acknowledged the deed, and Ruge signed the same as a notary public and attached his seal; but it is insisted that at the time of the acknowledgment the seal of a notary public was not evidence of the fact that he was a notary, and that there is no certificate of any official showing his appointment. The following entry also appears on the deed, immediately following the original signatures thereto: "In pursuance, continuation, confirmation, and completion of the aforesaid deed of conveyance, we have hereunto set our hands and seals, and the official signature and the proper legal seal of the aforesaid The Cypress Lumber Company, at the City of Boston, in the State of Massachusetts, on this the fourth day of January, A. D. 1889. [Signed] Cypress Lumber Co. (Seal), by Fred C. Mosely (Seal), Secretary & Treasurer." (Here the impression seal of the Cypress Lumber Co.) Signed, sealed, and delivered in the presence of John Kemp, Chas. E. Ashwope." Also the following entry: "State of Massachusetts, County of Suffolk.—ss. I, Charles Hall Adams, a commissioner of deeds for the State of Georgia, in the State of Massachusetts, residing at Boston, do hereby certify that the foregoing instrument in writing was executed by the above-named Fred C. Mosely, Secretary and Treasurer of the Cypress Lumber Company, and the seal of said corporation attached thereto by him, in my presence, on the fourth day of January, A. D. 1889, in due form of law. Witness my hand and official seal, this the fourth day of January, A. D. 1889. Charles Hall Adams, Commissioner of the State of Georgia." (Here the official impression seal.) Also this entry: "Georgia, Decatur County. I do hereby certify that Fred M. Stearns, as Vice-President of the Cypress Lumber Company, and individually, who is known to me, comes before me and duly acknowledges his signature to the foregoing deed, dated the 22d day of December, 1888, as his genuine signature and seal, and delivers said deed before me. This 6th day of May, 1889. C. W. Wimberly, Clerk S. C., Decatur County, Ga." (Here the official impression seal of this officer.) There was an entry of record on the deed as follows: "Georgia, Decatur County. Clerk's Office, Superior Court. Recorded in Book EE, pp. 548, 549, 550. May 6, 1889. C. W. Wimberly, Clerk S. C."

The execution of the deed in Florida was not proper, under our law which provides how deeds may be executed outside of the State so as to entitle them to record. But the deed was also executed in Massachusetts as a new deed, and this was done as required by our law. Civil Code (1910), § 4203. This was not a reacknowledgment of the execution of the deed. Other officers signed and sealed and witnessed the deed as required by the statute. The Cypress Lumber Company alleged that they signed the deed in Massachusetts, and the corporate seal was there attached, and the impression of the seal does appear following the signature. They did not merely confirm the former execution, but executed it in Massachusetts anew. The execution of the deed in Florida was treated as insufficient when it was re-executed. It was attested by two witnesses and acknowledged before a commissioner of deeds for the State of Georgia, as the statute provides. This amounted to a re-execution of the deed. It was afterwards recorded in the clerk's office of the superior court of the county where the land was located, and its admission in evidence was not error on the ground that it was improperly executed.

4. Error is assigned because the court admitted oral testimony as to the contents of certain letters passing between J. W. Bryan and J. P. Williams & Co., and relating to the release of mortgage given by the former to the latter prior to Bryan's sale of the lot in controversy, which mortgage covered, among other lots, the land in dispute. If it be conceded that there was error in admitting the testimony referred to, this would not work a reversal, as, independently of this evidence, a verdict in favor of the plaintiff was demanded. The plaintiff introduced deeds showing title in himself, beginning with a conveyance from J. W. Bryan, dated December 15, 1885. He also introduced documentary evidence showing that J. P. Williams & Co. were the purchasers at a foreclosure sale under mortgage which included the lot in dispute, and which was given by J. W. Bryan to them under date of December 11, 1886, and received a sheriff's deed to the property, and that the defendant Dollar was holding under bond for title from J. P. Williams. The deed from J. W. Bryan above mentioned was recorded April 16, 1886. We think, under the evidence, a finding was demanded that the plaintiff and defendants claimed under a common grantor; and there being no other evidence of title in the defendants than that

stated above, the plaintiff showed superior legal title, requiring a verdict in his favor. This being true, the court did not err in directing a verdict, nor in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*