## 7015.   McDONALD v. TOWN OF LUDOWICI.

BROYLES, J.   1.   It will be presumed that a municipal ordinance is valid, and the burden of establishing its invalidity is on the person asserting it.   Penal Code, § 1020 (1910); *Moore* v. *Thomasville,* ante, 285 (86 S. E. 641), and cases therein cited.   In this case the presumption that the ordinance in question was a legal and valid one was not overcome by the evidence introduced.   It is not even necessary, on a trial before the mayor or council of a city, to introduce the town ordinance under which the accused is being tried.   The city officials can take judicial cognizance of all ordinances of their own city.   In this case, however, the attorney representing the town on the trial of the case, over the objection of the defendant, introduced the town ordinance which the defendant was charged with violating, and also the minutes of council, showing its adoption.   These minutes showed that the ordinance was originally adopted at the regular December meeting of council in 1912, while it appeared that the amendment to the charter of the town,

authorizing the passage of such ordinance "was not obtained until August, 1913, and was not acknowledged as such charter by the town council until September 3, 1913." The minutes of council showed, however, that on the last-named date a special meeting of council was called, for the purpose of considering the adoption of the amended charter of the town, and all ordinances, rules, resolutions, and regulations not in conflict therewith, and that by unanimous consent the rules were suspended, and a resolution adopting all ordinances, rules, resolutions, and regulations of force in the Town of Ludowici, not in conflict with the accepted amended charter, was unanimously passed and adopted, *Held*, that this adoption of the original ordinance, after the amendment of the charter, made it a valid and legal ordinance of the town subsequently to its adoption; and as the defendant in this case was charged with violating such ordinance in December, 1914, more than a year after the ordinance had been legally adopted, the ordinance, so far as his case was concerned, was a legal and valid one.

2. The accusation was not subject to demurrer on the ground that it charged in substance that the defendant kept intoxicating liquors on hand in his place of business for the purpose of illegal sale. Under the town ordinance under which he was being tried, it was an offense for him to keep intoxicating liquors *for the purpose of illegal sale anywhere within the limits of the town*, whether in his place of business or elsewhere. It is true that if the defendant kept intoxicating liquors on hand at his place of business he violated the State law; but if it be shown that he kept the liquor there *for the purpose of sale*, he violated also the town law, and in such a case he would be a violator of both the State and the town laws, and the municipal offense would be distinct and separate from the State offense. *Athens* v. *Atlanta*, 6 *Ga. App.* 244 (64 S. E. 711), and cases there cited.

3. "The writ of certiorari lies for the correction of errors committed by inferior judicatories in ruling upon questions made before them, and if, upon the hearing of a writ of certiorari, a question is for the first time raised which was not ruled upon by the court whose judgment is under review, such a question will not be considered." *Meeks* v. *Guckenheimer*, 102 *Ga.* 710, 713 (29 S. E. 486). The question of the disqualification of the mayor pro tem. to vote with the other members of the council on appeal from his judgment, being raised for the first time on certiorari, could not be considered by the judge of the superior court, or by this court.

4. The conviction of the accused was authorized by the evidence, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED JANUARY 21, 1916.

Certiorari; from Liberty superior court—Judge Sheppard. October 14, 1915.

*J. R. Thomas*, for plaintiff in error.

*Melville Price*, contra.