THE STATE, EX REL. ASHBAUGH, APPELLEE, *v.* BAHR
ET AL., CIVIL SERVICE COMMISSION OF CITY OF
YOUNGSTOWN, APPELLANTS.

(No. 2712—Decided January 1, 1941.)

*Mr. Clyde W. Osborne,* for appellee.

*Mr. John A. Willo,* director of law, and *Mr. Homer E. Carlyle,* for appellants.

By the Court. This cause is in this court on appeal upon questions of law from the judgment of the Common Pleas Court of Mahoning county, Ohio, wherein Florence H. Ashbaugh, the relatrix, appellee herein, was allowed a writ of mandamus restoring her to the position formerly held by her under the classified civil service of the city of Youngstown, her position being designated as chief clerk and assistant secretary to the civil service commission. The parties will be referred to herein as relatrix and respondents.

On April 19, 1940, respondents notified relatrix in writing that from and after that date she was permanently removed and discharged, and assigned as reason therefor the following, to wit:

"The reason for your permanent removal and discharge as an employee of the Civil Service Commission of the city of Youngstown, Ohio, and the City School District of the city of Youngstown, Ohio, and of the city of Youngstown, Ohio, is for misconduct unbecoming an employee of the Civil Service Commission of the city of Youngstown, Ohio, and the City School District of the city of Youngstown, Ohio, and of the city of Youngstown, Ohio, in violation of Section 486-17*a* of the General Code of the laws of the state of Ohio and in violation of Provision E, Section 2, Rule 17, of the Rules and Regulations of the Civil Service Commission of the city of Youngstown, Ohio, in that you did on the 22nd day of March, 1940, while in and on the premises occupied by the G. M. McKelvey Company of the city of Youngstown, Ohio, take and carry from its depository without good reason or cause and

without the consent of the owner a fur coat, the property of one Hilda L. Kline of Youngstown, Ohio.''

On April 23, 1940, the relatrix filed with respondents an explanation in writing relative to the charge or matter set out in the order of removal, the explanation being as follows:

''On Friday the 19th day of April, 1940, I received from your commission an order of removal from the positions of chief clerk and assistant secretary of your board, and in said notice of said April 19th, 1940, you charged me with violation of Section 486-17a of the General Code of the laws of Ohio, and with violation of Provision E, Section 2, Rule 17, of the Rules and Regulations of the Civil Service Commission of the city of Youngstown, Ohio, and definitely charged a certain occurrence in the store of the G. M. McKelvey Company as being improper and as a reflection upon my integrity.

''In explanation as to what occurred in the store of the G. M. McKelvey Company, I have only to say that my actions at the time in question were only with a desire to be of assistance and to protect a certain article of clothing from being taken by someone who might appropriate it to their own use with designing motives and that in that situation I had no improper motives and was actuated by no dishonest designs.''

Relatrix was not reinstated to her position by the respondents following her letter of explanation, and thereafter on April 26, 1940, she gave notice of appeal to the Civil Service Commission, and on her application the commission appointed a trial board consisting of three persons to hear the matter on appeal. Trial was subsequently had before this trial board, a majority of the board finding in favor of the removal of the relatrix, the third member dissenting. Motion filed by relatrix for new trial and rehearing was overruled, and subsequently relatrix filed with the commission a de-

mand that she be restored to her position. This demand being refused by the commission, relatrix filed this action in mandamus in the Common Pleas Court.

While six grounds of error are contained in the "assignments of error" filed by the respondents, all amount to the single claim that "the order, judgment and decree of the Court of Common Pleas is contrary to law."

To sustain their claim of error, counsel for respondents have at considerable length set forth what is denominated "the history, facts, circumstances * * * upon which the removal * * * was based." Counsel for relatrix properly contends that neither the lower court nor this reviewing court has anything to do with the evidence which may have been adduced before some other tribunal. We are privileged to look alone to the pleadings, the transcript of the docket and journal entries and bill of exceptions taken in the lower court, which show that after the overruling of a motion made by respondents to dismiss the petition on the ground that it did not state sufficient facts to constitute a cause of action, and that the court is without jurisdiction, the cause was submitted to that court on the petition and an agreed statement setting forth the civil service status of the relatrix prior to her removal, the written notice of her removal, her written explanation of the charge made therein, and the proceedings had before the commission and trial board, all as hereinbefore set forth.

It may here be stated emphatically that this reviewing court is not concerned with the truth or falsity of the charges against the relatrix and nothing which may appear in this opinion is to be construed as indicating any opinion of this court as to the guilt or innocence of the relatrix.

As disclosed by the brief filed herein on behalf of relatrix it is contended by her only that the written

notice of her discharge was insufficient in law and her attempted removal was therefore null and void, it being her claim that such notice did not sufficiently state a ground for her removal under Scetion 486-17a, General Code, or the rules and regulations of the Civil Service Commission of the city of Youngstown, and that the facts set forth in such written notice were not sufficiently definite as to apprise her of the specific reasons for her removal.

It is observed that the written notice of removal first recites that the removal is "for misconduct unbecoming an employee of the Civil Service Commission * * * in violation of Section 486-17a of the General Code * * * and in violation of Provision E, Section 2, Rule 17, of the Rules and Regulations of the Civil Service Commission of the city of Youngstown * * *."

Looking to the language of Section 486-17a, General Code, it is found that an employee in the classified service may be removed from office on any one of eleven grounds therein enumerated, number 10 being, "any other failure of good behavior."

Rule 17 of the Rules and Regulations of the Civil Service Commission of the city of Youngstown provides in Section 1 that written charges may be filed against any employee in the classified service of the city, and that the mayor or head of any department may remove any employee in a department pending an appeal to the commission.

In Section 2 of Rule 17 are set forth nineteen causes for removal by the head of a department, each being declared to be a breach of duty. Cause designated as (E) under Section 2, reads as follows: "Has been guilty of conduct unbecoming an officer or employee of the city."

It is not contended otherwise by relatrix than that these rules and regulations were duly adopted pursuant to the authority of Section 486-19, General Code,

nor is it claimed that these rules and regulations are inconsistent with the Civil Service Act.

The effect of such rules and regulations has recently been stated by the Supreme Court in *State, ex rel. Curtis,* v. *DeCorps, Dir.,* 134 Ohio St., 295, at 297, 16 N. E. (2d), 459.

Thus it is seen that ground (10) of Section 486-17*a*, General Code, and ground (E), Section 2, Rule 17 of the rules and regulations of the city commission, are in harmony one with the other, in that "failure of good behavior" enumerated in the General Code, and "conduct unbecoming an employee," enumerated in the rules and regulations of the city mean one and the same thing. Failure of good behavior means "bad behavior"—behavior contrary to recognized standards of propriety and morality, misconduct, wrong conduct, all of which constitute and are the equivalent of conduct unbecoming an officer or employee of the city.

" 'Misconduct' is defined as 'wrong conduct; bad behavior * * *.' The synonyms are: 'misbehavior; misdemeanor; misdeed * * *.' " *Bailey* v. *Examining & Trial Bd.,* 45 Mont., 197, 201, 122 P., 572, 574.

"* * * one of the definitions of this word [misconduct] * * * is improper conduct; wrong behavior * * *." *Bar Assn. of City of Boston* v. *Hale,* 197 Mass., 423, 438, 83 N. E., 885, 887.

" 'Misconduct' does not necessarily imply corruption or criminal intent." *Kesling* v. *Moore,* 102 W. Va., 251, 257, 135 S. E., 246, 249. See, also, 27 Words and Phrases, 309, Misconduct.

So it conclusively appears that relatrix's discharge was upon a ground authorized by the civil service law of Ohio and the rules and regulations of the city, but the question remains as to whether the written notice of discharge further set forth *facts* constituting such ground, for it is clear that the mere statement that the employee has been guilty of misconduct or of failure

of good behavior, or conduct unbecoming an employee of the city, would be a mere conclusion and insufficient in law unless accompanied by a statement of facts setting forth such misconduct, failure of good behavior, or behavior unbecoming an employee.

The order of removal must not be so indefinite in its terms that its purpose and effect could not be determined. It must be sufficiently definite as to advise the employee of the charge against her in terms sufficiently explicit as to enable her to make an explanation if she so desires. *State, ex rel. Bay,* v. *Witter, Dir.,* 110 Ohio St., 216, 223, 143 N. E., 556; *State, ex rel. Desprez,* v. *Bd. of County Commrs.,* 47 Ohio App., 1, 189 N. E., 665.

But the order of removal need go no further than to set forth the reasons in such understandable language as would convey to the one removed the facts comprising the reason for removal.

"The statement of the reasons need not be as specific or particular as an indictment, nor drawn with the formal exactness of pleadings in a court of justice." *State, ex rel. Desprez,* v. *Bd. of County Commrs., supra.*

Examining the written notice of removal of relatrix it is seen that such notice did not end with the mere statement that the removal was for "misconduct unbecoming an employee of the Civil Service Commission," but it further set forth the facts upon which such misconduct unbecoming an employee of the civil service commission was based, in the following words: "in that you did on the 22nd day of March, 1940, while in and on the premises occupied by the G. M. McKelvey Company of the city of Youngstown, Ohio, take and carry from its depository without good reason or cause and without the consent of the owner a fur coat, the property of one Hilda L. Kline of Youngstown, Ohio."

Was this language a sufficiently definite statement of

the facts constituting the reasons for relatrix's discharge upon the ground of misconduct unbecoming an employee of the commission, so as to enable her intelligently to make her explanation as to such conduct? If so, it was sufficient in law and the judgment of the Common Pleas Court must be reversed as contrary to law, there being no claim here of any other failure to proceed in strict conformity to the provision of the General Code of Ohio relating to the removal of an employee in the classified service of the city. If not, then her removal was unauthorized, null and void, and she was privileged to bring her action in mandamus to compel restoration to her former position, she having no other adequate remedy at law since there is no appeal to the courts from the order of the Civil Service Commission affirming her discharge.

This court has had no difficulty in arriving at the conclusion that the ground alleged in the notice of discharge, as well as the facts constituting reasons therefor, was in all respects sufficient in law and definitely stated with such certainty as to enable relatrix to intelligently make her explanation thereof. This is conclusively shown by the fact that she filed an intelligent explanation of reasons for her conduct in the store of the G. M. McKelvey Company. In her explanation it is clearly shown that she understood the language of the written notice served upon her was such as "definitely charged a certain occurrence in the store of the G. M. McKelvey Company as being improper and as a reflection upon my integrity," this quoted language being found in the explanation subscribed by her. With full understanding that she was definitely charged with conduct which was improper and a reflection upon her integrity, she proceeded to explain that her actions at the time in question were only with a desire to be of assistance and to protect a certain article of clothing from being taken by someone who might appropriate

it to his own use with designing motives, and that she had no improper motives and was actuated by no dishonest designs. It is noted that she does not deny that she took and carried from its depository the fur coat of another without the consent of the owner. In the absence of any explanation for her actions at the time, we think it could not be seriously contended otherwise than that her actions constituted misconduct unbecoming an employee of the commission. As stated clearly above, it was for the Civil Service Commission and the trial board appointed pursuant to relator's demand, to determine from the evidence presented upon the hearing of her appeal whether in taking the fur coat from its depository without the consent of the owner she did so without improper motives and with no dishonest designs, but solely with a desire to be of assistance in protecting the fur coat from being appropriated to his own use by someone with designing motives. With the truth of the charges or the explanation filed thereto neither this court nor the Common Pleas Court has anything to determine.

We further observe from our examination of relator's petition that there is no claim therein that the notice of discharge was not sufficiently definite as to apprise her of the reasons for her discharge. The petition quotes the notice of removal and refers to it as ''specifically'' setting out the cause for such attempted removal, and avers that the coat mentioned therein was of the value of about $300, ''and thus and thereby the meaning and purport of the aforesaid charge made against this relator, and for which she was removed by said respondents, amounted in its force and effect to charging this relator with an infamous crime, to wit, the crime of grand larceny.'' The burden of the further allegations of the petition is to the effect that the position enjoyed by relator before such removal was a valuable property right enjoyed by

her; that the incident involving relator with having possession of the fur coat was in no manner connected with or related to her duties under her position in the classified service; that there had been no presentment or indictment of any grand jury against relator charging her with unlawfully stealing, taking or carrying away such coat; that her guilt or wrongful intentions in the premises had not in any manner been judicially fixed or determined as a result of any presentment or indictment of a grand jury; and that in thus being deprived of her valuable property right in and to her position in the classified service of the city she has been held to answer for an infamous crime without presentment or indictment of a grand jury and has thus been deprived of her rights under certain sections of the Ohio Constitution and under the civil service laws.

We refer to the allegations of this petition for at least two reasons, the first of which is that these allegations indicate very clearly that relatrix had no misunderstanding of the seriousness of the charges made against her in the notice of removal, and that she understood that such notice definitely and specifically charged her with wrongful conduct which she interpreted as grand larceny; secondly, because the allegations of the petition are insufficient in law to warrant the relief prayed for.

The motion of respondents to dismiss the petition on the ground that it did not state facts sufficient to constitute a cause of action in mandamus should have been considered as a demurrer to the petition upon the ground stated, or as a motion for judgment on the pleadings, and as such should have been sustained by the lower court.

That there was no property right in relatrix to the position formerly held by her seems clear from the language of Section 486-17a, General Code, which pro-

vides that the tenure of office of a civil service employee "shall be during good behavior." The act which creates the right likewise prescribes the conditions upon which the right terminates and the procedural method to be pursued for the termination of the right. The right conferred upon the appointee can rise no higher than provided in the act granting such right. If one in the classified civil service of the city has a property right to her position therein then it would follow that the city could not abolish the office without incurring liability in damages as for a breach of the contract. If the appointment of one to position in the classified civil service be deemed a contract with the governmental body he serves, then it is such a contract as terminates upon failure of good behavior of the appointee, that being the express condition upon which the appointment is made, the civil service act defining the terms of the contract.

Under the Ohio civil service provisions of the General Code it is clear that the failure of good behavior which is constituted a ground of removal need not be such as constitutes a criminal offense; but if a criminal offense is alleged as conduct amounting to failure of good behavior, it is not required that the appointee be first convicted of such offense after presentment or indictment by a grand jury.

The whole theory of relatrix as set forth in her petition filed in the Common Pleas Court seems to have been abandoned in this court, and properly so for there was no merit therein.

The finding and judgment of the Common Pleas Court being clearly contrary to law and prejudicial to the rights of the respondents such judgment must be and the same is reversed and set aside, and this court coming now to render the judgment which should have

been rendered by the Common Pleas Court renders final judgment for the respondents, all the judges of this court concurring.

*Judgment reversed and final judgment for appellants.*

NCHOLS, P. J., CARTER and PHILLIPS, JJ., concur.