31047. GINN *v.* CITY OF ATLANTA *et al.*

DECIDED NOVEMBER 9, 1945.

*Spence & Spence,* for plaintiff in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Ralph Williams, Hugh G. Head Jr.,* contra.

GARDNER, J. 1. (a) The court did not err in overruling the

demurrer, as contained in special ground 8. The specifications of the charges were sufficient in law.

(b) Special ground 1 is to the general effect that the judgment rendered by the committee was not legally sufficient under rule No. 544. So much of that rule as is here pertinent reads: "All judgments of the police committee of council shall be in writing and duly entered upon the records." In our opinion the verdict and judgment rendered by the committee was a substantial compliance with the provisions of this rule. It appears that the substance of the verdict and judgment was unanimously reached and that it is on the record of the police committee. This assignment is without merit.

(c) Special grounds 2 and 3 are to the general effect that there was no evidence to support the finding of the committee. While on certain issues during the trial the evidence was in conflict, still there was sufficient legal testimony to sustain the finding. This ground does not demand a reversal.

(d) Special grounds 4 and 5 are to the effect that the plaintiff had violated no rule of the police department which had been previously adopted. These grounds are based on the contention that the attaching of rules to the amendment to the answer of the defendants was not a compliance with the order of the court, in that it contained all of the rules and regulations and did not point out and produce any rule applicable to the charges, and that neither the charges themselves nor the proof mentioned any rule which it was claimed that the plaintiff had violated. The response of the defendants to the order of the court was a substantial compliance with the court's order. The judge of the superior court who required the amendment accepted it as a compliance with his order and proceeded with the trial. This assignment does not require a reversal.

(e) Special ground 6 is to the effect that, when the plaintiff had a police officer to remain with Barge, this left the fourth floor of the jail unguarded; and that the positive evidence was that the fourth floor was fully guarded at all times, and this charge was without any evidence to support it. We think that the evidence sustains the position that there was a rule that two officers should at all times be on the fourth floor, but it is not clear that the plaintiff knew of such rule. There is some evidence to

the effect that, being a captain, he did know or should have known of this requirement of the chief of police. We do not think that this assignment sets forth a reason for reversal.

(f) Special ground 7 assigns error under specification number 3 of the charges, to the effect that the plaintiff improperly influenced an officer to incorrectly report the facts concerning Barge's conduct. This assignment is based on the allegation that Elliott should not have been believed by the committee because he admitted, under oath, that he had falsified his report. This was a question addressed solely to the committee on the ground of the credibility of the witnesses, and is therefore without merit.

(g) Special ground 9 is to the effect that, over objections of the plaintiff, all of the witnesses were excluded from hearing the proceedings of the trial. It is the general and common practice in this State to exclude witnesses from the rooms during a trial, and no reason is urged here why this rule should not have been followed in the instant case, nor is any reason shown why the exclusion of the witnesses worked prejudice to the plaintiff. This assignment shows no reason for reversal.

(h) Special ground 10 is to the effect that Chief Hornsby, was permitted, over objection, to testify or read from matters occurring in a written report even though it was admitted that Chief Hornsby was not present at the tower on the night in question. It was objected that the testimony was hearsay and irrelevant. These reports were made by the officers of the police department to the chief of police and were in court and read by the committee. The chief also read from the report of the plaintiff. It is our opinion that this assignment sets forth no substantial error.

(i) Special ground 11 complains that, when the mayor asked Chief Hornsby what the plaintiff's duties were, it was admitted that they were provided in writing by the authority of the written law and rules of the police department. The rules and regulations of such department, on which the plaintiff was being tried, were in the record in response to the plaintiff's exceptions to the committee's answer to the certiorari. While, technically, it would perhaps have been more formal for the mayor to have required the writing itself rather than the interpretation or statement from the chief of police, still we can not see any substantial error in this assignment.

(j) Special grounds 12, 13, and 15 assign error because of the admission, over objections of the plaintiff, of a transcript of the evidence in the trial of policeman Barge. In our opinion, this record was improperly admitted for the reason that the plaintiff was not then on trial, and the record further shows that he was not present at the Barge trial. However, the committee sitting as an administrative judicial tribunal or a quasi-judicial tribunal passing on the facts as well as the law, they are presumed to have been capable of segregating the competent from the incompetent testimony. The transcript of the record in the Barge case does not appear in the instant record, and the oral references made by the witnesses concerning it, although illegal, do not require a reversal. Conceding that the record in the instant case does show the admission of incompetent testimony—aside from the incompetent testimony admitted, there was ample competent and legal testimony to sustain the finding of the committee. This court dealt fully with this question in *Heath* v. *Atlanta,* 67 *Ga. App.* 85 (19 S. E. 2d, 746), in the fourth division. See also *Scott* v. *Hester,* 72 *Ga. App.* 889 (35 S. E. 2d, 389).

(k) Special ground 14 is based on the contention that one of the city attorneys was present and conferring and advising the committee over objections of the plaintiff's attorney. It is contended that an ordinance of the City of Atlanta prohibits the city attorney from prosecuting police officers before the police committee without permission of the general council of the City of Atlanta. It does not appear from the record that the attorney did more than consult with and advise the committee. He asked no questions of the witnesses and took no other part in the prosecution save to confer with and advise the committee. We are of the opinion that this ground does not show any sufficient prejudice to the plaintiff requiring a new trial. We again refer to the case of *Heath* v. *Atlanta,* supra, particularly to the effect that error during the progress of a trial such as the instant case does not necessarily require a reversal unless such error is prejudicial to the extent of demanding a reversal.

From the whole record, which consists of over 200 pages, it is our view that the judge of the superior court did not err in overruling and denying the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*