32310. AYARES SMALL LOAN CO. INC. *v.* MASTON *et al.*

Decided February 2, 1949. Rehearing denied February 24, 1949.

**630**

*John D. Edge*, for plaintiff in error.
*Pittman & Hodge*, for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ In order for the directing of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support a verdict for the party against whom it was directed and in determining this question the evidence must be construed in its light most favorable to the party against whom it was directed. See *Whitaker* v. *Paden*, supra.

■ Construing the evidence in accordance with this principle it appears that the mortgaged property was seen in Whitfield County, Georgia, sometime during the month of February, 1948. The affidavit to foreclose the mortgage was filed in the Superior Court of Whitfield County on August 5, 1948. If the property was brought into this State prior to February 5, 1948, the proceedings to foreclose the mortgage were brought more than 6 months afterwards. On the other hand, if the property was brought into the State after the 5th of February the foreclosure proceedings were commenced before the expiration of 6 months after it was first brought here. The testimony of the only witness on this subject is that of the claimant as hereinbefore quoted. It is therefore impossible to determine from his testimony whether the automobile had been here more or less than 6 months at the time of the commencement of the foreclosure proceedings.

Section 67-108 of the Code provides in part as follows: "If a mortgage shall be executed on personalty not within the limits of this State, and such property shall afterwards be brought

within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in." It also provides that where the mortgagor is a non-resident of this State the mortgage is to be recorded in the county where the property is located. Accordingly, the mortgagee in the instant case must have had the chattel mortgage recorded in Whitfield County within 6 months from the time it was brought in unless excused from so doing for the reasons hereinafter discussed. If the "sometime in February" as stated by the only witness who testified on this subject was as late as the last day of February, then the mortgage was not recorded in Whitfield County within the 6-months period, it appearing that it was so recorded there on September 13, 1948. However, the proceedings to foreclose in such case would be within the 6-months period. In *Hubbard* v. *Andrews & Co.*, 76 *Ga.* 177 (2) (supra), the Supreme Court held as follows: "Where a mortgage on personal property was regularly made and recorded in another State, and the property having been brought into this State, the mortgagee followed it and foreclosed his mortgage in the county where the property was found, and caused it to be levied which was done before the expiration of the time allowed for the registry of such a mortgage in this State, the foreclosure was valid as against a bona fide purchaser of the property without notice of the encumbrance, although the mortgage was not recorded in this State until after its foreclosure." See also *Peterson* v. *Kaigler*, 78 *Ga.* 464 (supra); *Armitage-Herschell Co.* v. *Muscogee Realty Co.*, 119 *Ga.* 522 (supra).

It follows that the mortgage need not have been recorded within the 6-months period, provided the foreclosure proceedings were commenced during that time in order for the mortgage lien to prevail over a bona fide purchaser of the property without notice of the encumbrance, who purchased the property before the expiration of 6 months from the time the property was brought into this State.

Section 39-904 of the Code provides as follows: "Upon the trial of all claims provided for in this Chapter, the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution."

632

Since the evidence in the instant case shows that at the time the automobile was levied upon it was not in possession of the defendant in execution, the burden of proof was on the plaintiff. The plaintiff failed to prove that he either recorded his mortgage within 6 months from the time the property was brought into the State, or that the foreclosure proceedings were commenced before the expiration of 6 months from the time the property was brought into the State. The plaintiff, therefore, failed to carry the burden of proof and show that the lien of its mortgage was superior to the claim of the claimant. It follows that there is no evidence in the record to support a verdict for the plaintiff. The trial court, therefore, did not err in directing a verdict against it.

■ Other questions referred to in the bill of exceptions and insisted upon in the brief of the plaintiff were not properly raised by the bill of exceptions which excepted only to the trial court directing a verdict for the claimant.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*