WHITLOCK *et al.* executors, *v.* MICHAEL.

CANDLER, Justice. 1. The Code, § 110-104, declares: "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." From this it follows, necessarily, that the direction of a verdict is not erroneous where the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed.

230

*Grace* v. *Rouse*, 202 *Ga.* 720 (44 S. E. 2d, 762); *Cannon* v. *Heard*, 204 *Ga.* 891 (52 S. E. 2d, 459).

2. In the instant case, and subject only to the right of his executrix and executor, in their discretion, to advance specified amounts to his children before assenting to the vesting of the legacy and devise, the testator, both by express language and by implication resulting from an unconditional gift of the entire income therefrom (Code '§ 113-805; *Bonner* v. *Hastey*, 90 *Ga.* 208, 15 S. E. 777; *Gilmore* v. *Gilmore*, 197 *Ga.* 303, 29 S. E. 2d, 74), gave his wife a life estate or a life interest in all of his property, real and personal. And, as shown by our report of the facts, no other reasonable construction could be placed upon the will here involved.

3. In so far as it relates to the property under levy, the evidence, when measured by the provisions of § 113-802 of the Code of 1933 and by the rulings of this court in *Belt* v. *Gay*, 142 *Ga.* 366 (82 S. E. 1071), *Holcombe* v. *Stauffacher*, 201 *Ga.* 38 (38 S. E. 2d, 818), *Jackson* v. *Brown*, 203 *Ga.* 602 (47 S. E. 2d, 867), *McGahee* v. *McGahee*, 204 *Ga.* 91 (48 S. E. 2d, 675), and *Thornton* v. *Hardin*, 205 *Ga.* 215 (52 S. E. 2d, 841), demanded a finding by the jury that the executrix and the executor had assented to the vesting of the life estate devised by the testator to his widow. Accordingly, and since it is settled that a life estate is subject to levy and sale under an execution against the life tenant (*Mitchell* v. *Spillers*, 203 *Ga.* 565, 47 S. E. 2d, 564), the trial judge did not err, as contended, in directing a verdict in favor of the plaintiff in execution; and, consequently, the judgment complained of is not erroneous for any reason assigned and must be permitted to stand.

*Judgment affirmed. All the Justices concur.*

No. 17494. Argued June 11, 1951—Decided July 10, 1951.

*John C. Houston, Marvin A. Allison,* and *Charles C. Pittard,* for plaintiffs.

*Joseph D. Quillian* and *A. G. Liles,* for defendant.