**MULLIGAN v. DUNLAP et al.**
No. 2446–52.

United States District Court
District of Columbia.

Nov. 5, 1952.

Claude L. Dawson, Washington, D. C., I. I. Azimow, Philadelphia, Pa., for plaintiff.

Ross O'Donoghue, Asst. U. S. Atty. in charge of Civil Division, Washington, D. C., Frank H. Strickler, Asst. U. S. Atty., Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiff was employed in the Bureau of Internal Revenue from May 1, 1939 until December 7, 1951, when he was removed. At the time of his removal plaintiff was a non-veteran, classified employee holding the position of Deputy Collector G.S.–9.

In a letter dated September 28, 1951 sent by A. W. Fleming, Special Agent In Charge, Philadelphia, Pennsylvania, plaintiff was notified that certain charges had been preferred against him (defendants' exhibit #1). Plaintiff was charged with accepting fees or gifts for preparing income tax returns over a period of years for certain named taxpayers, among whom it was charged were those whose income was derived from illegal sources, and which fact, it was asserted, was known to plaintiff when he prepared their returns. The relevant portion of the charge as stated in the letter was as follows:

"Violation of provisions contained in Sections 28 and 45 of Bureau of Internal Revenue 'Instructions to Employees.'

"The substance of the above violation involves acceptance of fees or gifts for preparing the income tax returns over a period of years for taxpayers 'Nick' Robin, Isidore Robin, Peter and Catherine Stahl, Anthony and Magdalina Matje, and Leo C. Coleman. Amongst this group are several whose income is derived from illegal sources, which fact was known to you when you prepared their returns."

Plaintiff made specific reply to these charges by letter (defendants' exhibit #2). Thereupon plaintiff was notified that he was removed from service and after exhausting his administrative remedies, plaintiff brings this action for a declaratory judgment determining the discharge unlawful and for back salary.

Subsequently, both plaintiff and defendant moved for summary judgment. Defendant contends that inasmuch as all the statutory and procedural requirements have been met, this Court cannot inquire further, and defendant therefore is entitled to summary judgment. Plaintiff, on the contrary, asserts that he is entitled to summary judgment because it appears from the record that the discharge was not made in accordance with the law and procedural requirements.

(1) Plaintiff first asserts that the charges were not set forth in sufficient detail. The regulations of the Civil Service Commission, Title 5, Code of Federal Regulations 9.102(a) (1) (1949 Ed.) provide, inter alia, that "the notice shall set forth specifically and in detail the charges preferred against him." I believe the letter which plaintiff received (defendants' exhibit #1) substantially met this requirement. The fact that plaintiff fully understood the nature of the specific charges is clearly indicated by his letter of reply (defendants' exhibit #2). He specifically denied that he received from certain individuals, whom he conceded informed him they were gamblers, any fee, gift or other gratuity for assisting them in the preparation of their returns. Thus there was raised a controverted issue of fact for the Commissioner to determine. Plaintiff relies upon certain language in the case of Deak v. Pace, 88 U.S.App.D.C. 50, 185 F.2d 997, 998. But the Court of Appeals limited its decision to the facts involved in that case. The Court expressly said it was not laying down a general rule; that what might constitute full information in one case might be "irrelevant to the circumstances of other cases." The requirement that the reasons for discharge be in writing is to afford the person charged a fair chance to defend himself. Deak v. Pace, supra. Standards of an indictment are not required to be met in preferring charges against an employee under these Civil Service Rules. Bailey v. Richardson, 86 U.S.App.D.C. 248, 261, 182 F.2d 46, affirmed 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352.

The Court concludes that the letter (defendants' exhibit #1) fairly apprised plaintiff of the charges against him and complied with the procedural and legal requirement of specificity.

(2) Plaintiff's assertion that he never received copies of any specific charges is

298

without merit. He admits receiving the letter (defendants' exhibit #1) which contained the defendants' charges against him.

■ (3) Plaintiff complains further that he was not advised of his right to furnish affidavits. Although section 652 provides the plaintiff had the right to file affidavits, there is no requirement that he be notified of such a right. He was not refused the opportunity to do so.

■ (4) Nor is there any merit to plaintiff's position that he was not given reasonable time to answer the charges. He made no request for an extension of time. He apparently had sufficient time to answer as he was able to reply to the charges in detail.

■ (5) At the oral argument, plaintiff raised an additional point not originally presented in his points and authorities. He complains that the special agent in charge was not the proper person to submit a letter of charges to him. Under Civil Service Regulations in effect when defendants' exhibit #1 was mailed to plaintiff, Section 187 (section 8) Manual of Instructions for Special Agents, it is provided that the Special Agent in charge will submit to the employee a letter of charges and afford him an opportunity to reply thereto. That was done in the instant case. It is clear that the head of employee agency, the Commissioner, actually discharged plaintiff (defendants' exhibit #4). It is true that the Commissioner with the aid of his subordinates, inquired into and investigated the charges against plaintiff. But the final determination of discharge was made by the Commissioner himself. In the authorities relied on by plaintiff on this issue, 99 A.L.R. 391–399, while it is pointed out that the removal must be made by the administrative head of the employee agency, nevertheless, it is also indicated in some of those cases that such head of the employing agency may inquire into, investigate and determine the charges with the aid of subordinates.

■ It is now well established that where action is taken in removing from office an employee in the classified service and the action is in accordance with the procedural and statutory requirements, a Court of Law has not jurisdiction to inquire into the guilt or innocence of an employee as to charges upon which he was removed. Carter v. Forrestal, 85 U.S.App. D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507.

■ Having concluded that the procedural and statutory requirements for discharge have been met in the instant case, this Court has no jurisdiction to interfere and defendants' motion for summary judgment should therefore be granted.