### 35826. FROST *v.* THE STATE.

TOWNSEND, J. 1. An assignment of error on the introduction of evidence must show, in substance at least, the testimony objected to and identify the same, and must state that objection was made at the time of the introduction of such evidence and the grounds thereof. Accordingly, special grounds 1 and 2 of the amended motion for new trial, which are deficient in these respects, are too imperfect for consideration by this court. *Coggins* v. *State,* 61 *Ga. App.* 589 (1) (6 S. E. 2d 916). In like manner, that part of special ground 1 which complains that the court did not in its charge restrict certain evidence as being offered for a particular purpose only cannot be considered, as neither the evidence nor the charge is identified, and it does not appear that there was any motion to restrict the evidence in question to any particular purpose.

2. Where counsel for the defendant phrased a question addressed to a witness and was interrupted by the trial judge, who remarked, "Just a minute, that is a misstatement," but no objection or motion for mistrial was made, and error is complained of for the first time in an amended motion for new trial, asserting that the trial judge expressed an opinion as to what had been proved, in violation of Code § 81-1104, such ground of the motion for a new trial is not meritorious. *Shepherd* v. *State,* 203 *Ga.* 635 (2) (47 S. E. 2d 860). Accordingly, special grounds 4 and 5 show no reversible error.

3. Objections to testimony not urged in the trial court cannot be considered by this court. Accordingly, where counsel for the defendant objected to certain testimony on the ground that "there has been no testimony about any wire being stolen," which objection was overruled, but the same witness testified during the course of his examination that a roll of stolen wire had been found and returned to the owner, referring to the same wire, any error in overruling the objection on the stated ground was harmless, and other possible grounds of objection to such evidence were waived. Special ground 6 is, therefore, without merit.

4. Special ground 3 and the general grounds of the motion for new trial, not being argued or insisted upon, are treated as abandoned.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 22, 1955.

*Nat O. Carter, Wm. T. Darby, J. Ellis Pope,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.