39017.  JONES v. MAYOR &c. OF ATHENS *et al.*

DECIDED NOVEMBER 8, 1961—REHEARING DENIED
DECEMBER 12, 1961.

88

*Rupert A. Brown, Joseph J. Gaines,* for plaintiff in error.
*James Barrow,* contra.

HALL, Judge. ■ We will first consider whether it was error to direct a verdict against the traverse. The only issues of fact raised by the traverse were these: (1) Was there an adequate deliberation by the Commissioners, i.e., did they arrive at their decision upon consideration of the evidence produced at the hearing? (2) Was Jones discharged by unanimous vote of the Commissioners? (3) Did the questioning of witnesses at

the county courthouse in the presence of the Commissioners come about and was it conducted in the manner alleged in paragraph 14 of the answer?

All other issues raised by the traverse were issues of law.

On questions (2) and (3) there is no evidence that could be construed as conflicting with that supporting the directed verdict.

On question (1) the testimony of each of the Commissioners was that his decision was based on the evidence before them at the hearing. Jones testified to the effect that he felt the Commissioners were necessarily prejudiced against him because they had heard testimony from their witnesses prior to the hearing. He stated that Mr. McDorman had in the past told him if he didn't quit catching liquor cars he was going to be in trouble— and he felt that catching too much liquor was the only mark against him. A jury would not have been justified to find from this "speculation" of Jones that the Commissioners did not make their decision on the evidence before them. A directed verdict is proper when the evidence demands the verdict and when no other verdict could be legally found. *Whitlock v. Michael,* 208 Ga. 229 (65 SE2d 797). In order for the direction of a verdict to be error, it must appear that there was some evidence which, with all reasonable deductions and inferences therefrom, construed in its light most favorable to the losing party, would support a different verdict. *Ayares Small Loan Co. v. Maston,* 78 Ga. App. 628 (51 SE2d 699). There was no such evidence in this case. Therefore, the overruling of Grounds 1, 2 and 3 of the amendment to the motion for new trial, complaining of the direction of a verdict in favor of the response to the petition for certiorari and against the traverse thereto, was not error, nor was the overruling of the general grounds of the motion for new trial.

■ Ground 4 of the motion for new trial contends that certain testimony of Assistant Chief Hardy was erroneously admitted. The record indicates that Hardy's testimony, as to what Robert Hart and Fred Smith had told him officer Jones had said and done, was admitted to explain Hardy's motive in investigating officer Jones' activities. Its admission was objected to because it was hearsay and harmful to the movant.

Ground 5 complains of the admission of testimony of Chief Hardy (set out on four pages of the motion for new trial) containing further statements of what Hart told Hardy, and also what other police officers had told him in corroboration of Hart's statements. The evidence is objected to on the grounds that it was hearsay, harmful to movant; that it admitted hearsay which allegedly corroborated other hearsay; that it permitted the witness to testify concerning the alleged corroboration of Smith and Hart's story, invading the province of the jury, harmfully to movant.

Hardy's motive in investigating officer Jones and his purported corroboration of information he received were not relevant to any of the issues tried on the traverse. Since the case was not submitted to the jury and we have held the court's direction of a verdict was proper, the admission of this irrelevant evidence, regardless of its propriety, could not have harmed the movant. *McTyer v. Stearns*, 142 Ga. 850 (83 SE 955) ; *Freeman v. City of Atlanta*, 18 Ga. App. 696 (90 SE 368) ; *Hilliard v. General Motors Acceptance Corp.*, 54 Ga. App. 105 (187 SE 218) ; *Riggs v. Scarboro*, 57 Ga. App. 457 (195 SE 918) ; Green, The Georgia Law of Evidence, p. 26, § 10.

Grounds 4 and 5 of the amendment to the motion for new trial show no error.

■ The grounds of the petition for certiorari will be considered in this and the following divisions of the opinion. Grounds (a) through (e) attempt to present this question: Was the action of the Commissioners in assembling, for the purpose of determining whether or not to make charges, and hearing witnesses, who subsequently testified at the hearing on Jones' discharge, give sworn statements concerning Jones' conduct, following which charges were made against Jones, prohibited by the Constitution of the State of Georgia (*Code Ann.* §§ 2-102, 2-103), in that the Commissioners thereby acted as investigators, accusers, and triors, and in that Jones was thereby deprived of a fair trial by an impartial tribunal? It does not appear from the record that this issue was raised at the hearing before the Commissioners. Where constitutional issues are raised for the first time in the superior court on certiorari from a judgment

of an inferior tribunal, the superior court cannot consider, nor can this court review, the constitutional questions thus sought to be made. *Thompson v. Allen,* 195 Ga. 733 (25 SE2d 423); *Brackett v. City of Atlanta,* 51 Ga. App. 92 (179 SE 584).

■ Grounds (f) through (i) contend that there was no evidence supporting Jones' discharge upon the charges made against him, and that his discharge was unauthorized because he was not given written notice of it after the hearing as required by statute.

■ Rule 11 of the Civil Service Commission subjects a member of the police department to "dismissal or other appropriate punishment when charged with and found guilty of . . . conduct unbecoming an officer and detrimental to the service." Officer Jones was charged with violating Rule 11 in that he did "conspire and agree . . . with Robert Hart to permit the said Robert Hart to escape arrest in the event the said Robert Hart would inform [him] of the time and place when he would be driving a liquor car and would abandon the car and contents to [Jones]." Hart testified that Jones made to him a proposal such as described in the charge. The petitioner contends that the evidence fails to support the discharge because Hart testified that he did not make an agreement or deal with Jones. What Hart meant by this statement is indicated by his testimony: "We didn't make no deal because I didn't get no whisky in"; that is, no deal was made in that no understanding was carried out. However, if we interpret Hart's testimony to prove that there was no agreement between Jones and Hart, it would not require setting aside the Commission's discharge. There was proof of "conduct unbecoming an officer and detrimental to the service" in Jones' proposal to Hart as well as in other evidence. The notice given Jones went further than was necessary to charge an offense under Rule 11. The wording of the notice did not impair Jones' opportunity to prepare and present his defense, nor affect the fairness of the hearing, as a violation that was unquestionably proved was included in the specific offense that was charged in the notice.

Section 12 of Ga. L. 1918, pp. 528, 531, provides that: "No employee . . . shall be . . . discharged by the Commission

until he has been presented with reasons for such . . . discharge specifically stated in writing and has been given an opportunity to be heard in his own defense." Where a statute provides that a public employee may not be discharged except after notice, "it is necessary only that the notice be unequivocal, and where a reason must be given, or charges preferred, they must be sufficiently clear to apprise the employee of the nature and circumstances prompting his discharge. It is enough if the statement or charges are such that the employee would have sufficient knowledge or reason to know the basis on which his removal is sought." Kaplan, The Law of Civil Service, p. 227, § 1 (b). In other words, the charges must be "in terms sufficiently explicit as to enable [the employee] to make an explanation . . . " State ex rel. Asbaugh v. Bahr, 68 Ohio App. 308, 314 (40 NE 2d 677); Mulligan v. Dunlap, 108 F. Supp. 296, 297.

The evidence was sufficient to support the discharge for violation of Rule 11. The record shows that all of the Commissioners found Jones guilty of this violation, and not of violating Rule 1 as charged.

(b) We find no provision of Ga. L. 1918, p. 528, "Athens Civil Service Commission," and no other law requiring written notice to the person charged following a hearing and discharge. In the absence of statutory requirement, such notice is not essential. 73 C. J. S. 482, § 149.

■ Ground (j) complains of the admission of testimony elicited on direct examination of a witness by the city attorney's "leading" question: "Did he say anything to you about killing anybody?" Even in trials before juries, "a judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error." *Brown v. State*, 203 Ga. 218, 221 (46 SE2d 160). There seem to be no modern reversals for abuse of the trial judge's discretion in permitting or refusing leading questions. Green, The Georgia Law of Evidence, p. 319, § 128, n. 153. We think the rule allowing discretion applies a fortiori in proceedings before administrative bodies.

The failure to apply the rules for examination of witnesses

with the same rigor as in litigation before a jury is not fatal to the decision of a commission or arbitrator which is sustained by competent evidence. *Liberty Mutual Ins. Co. v. Meeks,* 81 Ga. App. 800 (60 SE2d 258); Annot. 89 ALR 777.

■ Ground (k) complains that it was error harmful to the petitioner to admit testimony concerning a conversation between the city's witness Robert Hart and a Mr. Settles (set out on approximately 3 pages of the petition for certiorari), offered "for the purpose of explaining the action that took place . . . of showing what each party knew, what Harmon Settles knew or thought he knew or what he was told by this Negro," and objected to on the grounds "he [Jones] was not present when he [Hart] told his wife that," "It does not have anything to do with this, and this man was not present at that time"; ". . . all the testimony . . . about the conversation with this Settles fellow, when this man was not present, I am objecting to . . . because I do not think it is admissible." From the record it appears that the main question about the testimony of Hart was the credibility of the witness. It further appears that the evidence complained of related to the charges of violation of Rule 1, of which petitioner was not found guilty. Whether or not this evidence was admissible, it is doubtful that it harmed the petitioner.

Since "the trial was before a quasi-judicial tribunal acting in an administrative capacity without a jury, and there was sufficient legal evidence to sustain the finding, the judgment will not be reversed because of the admission of . . . illegal testimony." *Heath v. City of Atlanta,* 67 Ga. App. 85 (6) (19 SE 746); *Ginn v. City of Atlanta,* 73 Ga. App. 162, 168 (35 SE2d 777).

■ Ground (1) arises out of the following occurrence at the hearing: Fred Smith was testifying about a previous occasion when he had been interrogated by Mr. Barrow, the City Attorney, and Assistant Chief of Police Hardy in the presence of the Commissioners. While under examination by Mr. Barrow at the hearing he stated: "You told me what Robert [witness Robert Hart] told you all." Thereupon, Commissioner Owens said, "Back up there, Buddy," and Commissioner McDorman

said, "Wait a minute." Upon further examination, the witness explained that by "you" or "you all" he meant Mr. Hardy and Mr. Barrow. The petitioner contends that the interjections by the Commissioners had an intimidating effect on the witness, prejudicial to the petitioner. The record refutes the contention. Later in his testimony Fred Smith said that he did not tell the truth at the previous questioning in the presence of the Commissioners, that he told "mostly what you [Barrow] had told me that Robert said." Shortly thereafter during the hearing the petitioner's counsel made the statement that he represented the witness Smith, that he [Smith] was "an absolutely worthless individual . . . I would not believe him on oath . . . he's the biggest liar in Clarke County . . . He is a worthless liar . . . I think he is a chronic criminal of the lowest type and is worthless testimony . . ."

In view of the testimony given by Smith after the assailed remarks by the Commissioners, it does not appear that the witness was intimidated. Even if he was inhibited in his testimony by the Commissioners' remarks, it is difficult to see how any testimony that Smith might have given could have made any difference, in light of the evaluation placed on it by petitioner's counsel.

Furthermore, the petitioner made no objection or motion during the course of the hearing with respect to the alleged prejudicial remarks. Even in the trial of a criminal case prejudicial remarks by the court will not cause a reversal when no objection or motion is made at the trial. *Pulliam v. State,* 196 Ga. 782 (28 SE2d 139) ; *Frost v. State,* 92 Ga. App. 614 (89 SE2d 524).

None of the grounds of the petition for certiorari shows error.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

ON MOTION FOR REHEARING.

HALL, Judge. Respecting Division 3 of the opinion, the movant argues that the question whether the Commissioners were disqualified from giving him a fair hearing, because earlier they had heard the witnesses give sworn testimony, is not a constitutional issue, but a question of the application of con-

stitutional principles to the facts. No matter by what name the movant calls the above question, he was bound to raise it at the first opportunity—at the hearing before the Commissioners —in order to have it reviewed by the superior court and by this court. *Meeks v. Guckenheimer & Son,* 102 Ga. 710, 713 (29 SE 486) ; *Berry v. State,* 117 Ga. 15 (43 SE 438) ; *Thompson v. Allen,* 195 Ga. 733 (25 SE2d 423) ; *McDonald v. Town of Ludowici,* 17 Ga. App. 523, 524 (87 SE 807) ; *Dodys v. State,* 73 Ga. App. 311 (36 SE2d 164).

The record at the hearing reveals considerable questioning and comment on the earlier testifying of the witnesses at the county jail. But at no time did movant make a motion that the Commissioners be disqualified to conduct the hearing or to render a judgment therein. He raised the issue for the first time in the petition for certiorari.

*Motion for rehearing denied. Felton, C. J., and Bell, J., concur.*